Parker, C. J.
Judgment for possession absolutely must be entered in this case, notwithstanding the motion on the part of the tenant for the conditional judgment, as in case of mortgage.
Where a mortgagee brings his action for possession, and not for foreclosure, he need not set forth his deed, but may declare upon his seisin generally, and produce his deed in evidence, to prove his seisin. In such case, he is entitled to the absolute judgment against all but the mortgagor, or persons lawfully claiming under him, having the right of equity to redeem; and against them also, unless, by plea, they set forth their interest, and pray that the conditional judgment be entered; and then, if the condition be broken, the Court will enter the conditional judgment. For, as the parties in interest have a right, after forfeiture, to consider the mortgagee as having entered for condition broken, although he does not so declare, and may have their bill in equity to redeem, as settled in the case of Pomeroy vs. Winship, (1) there is no reason why they may not be saved the expense of another process, if they wish to avail themselves of their right in equity, when the mortgagee shall sue for possession, (a)
But the tenant, in the case before us, has shown no legal privity *434 with the mortgagee, or in the estate, and has not acquired any right to redeem — the levy under which he * claims having been declared to be void. He therefore cannot prevail in this motion.
Fitch for the demandants.
Longfellow for the tenant.
In a subsequent case of Lewis vs. Babb 8f Al., decided ai this term, the tenants, by their plea, showed that the demandant’s only title to the premises demanded was under an assignment of a mortgage ; and that they were assignees of a second mortgage of a part of the same tenements ; and they prayed that, for that part, the demandant should take judgment conditionally, as in case of a mortgage.
But the Court said this could not be done, for it would require judgment for possession absolutely of part of the land demanded, and conditionally of the residue; and they observed that, in such a case, it was better for the tenants to seek their remedy by bill in equity, according to the statute.

 12 Mass. Rep. 514.

 Green vs. Kemp, 13 Mass. Rep. 515. — Darling vs. Chapman, 14 Mass. Rep 101.— Somes vs. Skinner, 16 Mass. Rep. 340