ÁBEL SPAFFORD v. ABEL PAGE.

A book debt may be assigned by mere words, without writing.

If, after such assignment, a creditor of the assignor bring a trustee process, wherein he obtains judgment against the debtor, as trustee, and the assignee have notice of these proceedings, he will not, after that, be permitted to recover the debt by a suit in the name of the assignor, even where he had given notice to the debtor of his claim to the demand, before the service of the trustee process.

*Quere.*—Whether, at law, the assignee can recover upon the claim, after the debtor has been adjudged trustee by a court of competent jurisdiction, even where he had no notice of the trustee process.

This was an action of book account, appealed from a justice of the peace, in which there was a judgment to account, and reference to an auditor.

The auditor reported that the plaintiff exhibited an account against the defendant, of $15.90, which was conceded, by the defendant, to be the balance due from him to the plaintiff, to balance book accounts between them, at the commencement of the plaintiff's action, on the 9th of Jan-

uary, 1840 ; that, before the commencement of the action, to wit, on the 4th of said January, Abner Field, Sylvester Burke, and Josiah R. Barnes, commenced their action against the plaintiff, as principal debtor, and the defendant was summoned as his trustee ; and that, on the 21st of January, 1840, judgment was rendered against the plaintiff, for $17.30 debt, and $4.18 cost, and the defendant was adjudged trustee of the plaintiff, for the aforesaid sum of $15.90, which the defendant subsequently paid.

The auditor further reported, that it appeared before him, that in the fore part of December, 1839, the plaintiff sold the said account against the defendant, to Henry H. Spafford, to whom he was indebted to an amount exceeding the amount of said account ; that, within three days after said sale, the plaintiff delivered a transcript of said account to said Spafford ; that Job Spafford was called to witness the sale of the account ; that the plaintiff did not, at that time, give, nor had he subsequently given, any written order on the defendant to pay said account to said Henry H. Spafford ; that the said Henry H. was to credit the plaintiff the said $15.90, but it did not appear whether it had been credited ; that said Henry H. Spafford gave notice to the defendant of the purchase of said account, before the service of said trustee process, though not until the plaintiff and said Henry H. had been informed that said process was in the hands of an officer ; and that the defendant in this suit attended the trial of said trustee action and made defence.

It appeared that the present suit was commenced on the 9th day of January, 1840, by the said Henry H. Spafford, for his benefit — the plaintiff, as appeared by his testimony before the auditor, having no interest therein — and that judgment was rendered against the defendant in said suit, and an appeal taken by the defendant, on the 18th of said January, before the rendition of judgment in said trustee process.

The auditor reported in the alternative, submitting to the court the questions whether a sale of a book account by parol is valid, and whether a judgment in favor of a creditor against a debtor is valid, after the commencement of a trustee action against against him.

Upon this report the court rendered a judgment for the

defendant to recover his costs; to which the plaintiff excepted.

*O. P. Chandler,* for plaintiff.

The question raised by the exceptions is, whether a book debt can be assigned by parol and be protected in the hands of the assignee, after notice, against a trustee process.

I. It is settled that a chose in action, not negotiable, if in writing, may be assigned by delivery only without a written assignment, and will be protected in the hands of the assignee. *Newell* v. *Adams,* 1 D. Chip. 346; *Strong* v. *Strong,* 2 Aik. 373; *Brown* v. *Marine Bank,* 11 Mass. 153; *Jones* v. *Witter,* 13 do. 304.

II. An assignment of a sum of money due on a judgment, or a balance due on book account, may be assigned in writing, and be protected. *Dix* v. *Cobb,* 4 Mass. 508; *Cummings* v. *Fullam,* 13 Vt. R. 434.

III. This rule is adopted upon the principle that the law will regard the trust, and protect all equitable rights against the trustee process. If there has been an assignment of a book debt, by parol, as between the assignor and assignee, the transfer is sufficient; and if the assignor should collect the avails, he would be accountable, in equity, to the assignee. If so, after notice of such equitable right, the debtor would hold the effects in his hands, as trustee of the assignee—as much as he would in case of the assignment of a note *not* negotiable. The parties all stand in the same relation as if the account had been assigned in writing.

If it be said that the evidence of such transfer is not equally available to the debtor, we answer that the evidence would, perhaps, be different, but in the same degree, and the law recognizes no such distinction. To adopt any other rule would destroy all equitable rights, the foundation of which might rest in parol assignments. *Crocker* v. *Whitney,* 10 Mass. 323; *Patlock* v. *Harris,* 3 D. & E. 180; *Amidown* v. *Wheelock,* 8 Pick. 470; 1 Swift's Dig. 434.

*H. Closson,* for defendant.

The defendant contends, that, having been adjudged trustee of this plaintiff by a court of competent jurisdiction, and been compelled to pay the full amount of his indebtedness to

the plaintiff, he is not liable to pay it again. The subject-matter has been adjudicated upon by a court of competent jurisdiction, which fixes the rights of the parties as conclusively as though it had passed to, and been settled by, this court. 17 Mass. R. 237 ; 1 Pick. 394, 435 ; 18 Mass. R. 459 ; *Evarts* v. *Gove*, 10 Vt. R. 161 ; Big. Dig. 464, and New York authorities cited. The first final judgment must fix the rights of the parties upon the whole subject-matter.

But it is .denied that this claim has ever been legally assigned by the plaintiff to Harrison Spafford, in such a way, at least, as he can set it up against the trustee process. There was no writing — no credit given by Harrison to the plaintiff — no application of the amount.

It is, by many, supposed that a book account may be assigned by mere parol; but if that doctrine be correct, I have not been able to find it recognized in any decided case. What can be the evidence of the assignment ? How can the debtor know of the authority of the pretended assignee to receive it ? How can his receipt be a safe discharge ? Suppose a witness is called to a sale of a mere charge on book. The witness dies or removes, — where is the safety to the debtor ? It is true that Judge Swift, in his Digest, vol. I, page 434, says that bonds, policies of insurance, or book debts, may be assigned, but then adds — " such assignments may be by endorsement in writing, or parol, as on sale and delivery, without writing." The parol and delivery there spoken of, necessarily implies that it contains the written promise to pay. Judge Swift refers to no authority. In 4 Mass. R. 508, a case much like the present is found, in which stress is laid on the fact of a *written* assignment being served by copy on the defendant, both by the counsel who argued it, and *the judge who gave the opinion.*

The opinion of the court was delivered by

Redfield, J. — The question made in this case, in regard to the validity of an oral assignment of a book debt, to vest, in the assignee, the equitable interest, cannot, I apprehend, admit of doubt. Mr. Justice Story states the general doctrine thus, (and he is sustained by all other writers upon the subject, and by the adjudged cases,) " Any order, writing or act, which makes an appropriation of a fund, amounts to an

equitable assignment of the fund." " An assignment of a debt may be by parol as well as by deed." Equity Jurisp., vol. 2, p. 311. And if the assignment may be by parol, it is surely not important whether it be by writing, or mere words.

In regard to the other question, it may be said to be a conflict between claimants, whose equities are equal ; at least, that is the most favorable view of the case of the present claimant. The title of the other claimant has been established by the adjudication of a justice court, a court of competent jurisdiction, and whose decisions, unappealed from, are as conclusive of the rights of the parties, as those of any other tribunal, whatever may be thought of their authority as *precedents merely.*

The former adjudication, then, is as effectual to quiet the rights of the parties, as will be the adjudication of this court when made. After that judgment, unappealed from, this claimant can no more maintain this action, to compel a second payment of this same debt, than could a second assignee of this same debt, after the first had recovered the debt in this or any other court of competent jurisdiction.

The rights of the present claimant are, at most, equitable rights, and such as have never been at all regarded in this state, until within the last twenty years ; and although now recognized by our courts, to the fullest extent, we should not be prepared to sustain these equitable rights to the exclusion of legal rights, if we should thereby find ourselves compelled to violate equal equities. And here, it is obvious, that is what we are asked to do, in order to protect the rights of the claimant. The debtor has once been compelled to pay the debt, by a judgment of a court of competent jurisdiction — all the legal parties being summoned, and all the equitable parties, even the present claimant, notified. If, now, we suffer the present claimant to prevail, we not only reverse the judgment of the justice, between the same parties, which is not before us, but compel the debtor, without his fault, to pay the debt twice. And if twice, I see no reason why he may not be compelled to pay it an indefinite number of times, to successive claimants, who establish a prior title, in point of time.

No such absurdity could be tolerated. The assignee of a

*chose in action,* by our law, comes in the place of the assignor. After the assignment, he, alone, can control or release the debt. His admissions, and not those of the assignor, are competent evidence ; and he, too, is bound by any adjudication upon the claim, in the name of the assignor. And if, after the assignment, the assignor himself should recover the debt, without the fault of the debtor, it would forever conclude all claim from the assignee. So, too, the assignee is bound, even without notice, I apprehend, by a discharge of the debtor under bankrupt and insolvent laws ; and, *a fortiori,* by an adjudication making the debtor the garnishee, or trustee, of the creditor, and that upon full notice to the assignee. It is not necessary further to go into a consideration of the reasonableness of so obvious a rule. The claimant, in the present case, like any other *cestui que trust,* is bound by the adjudication in the name of his trustee. Judgment affirmed.