Porter v. Bullard.

performed the condition of a bond made in conformity to said § 20.                                          *Exceptions overruled,*
                                           *Judgment on the verdict.*

Seward W. Porter *versus* Cromwell Bullard & al.
and Thomas W. O'Brion, & al. trustee.

If the debt for which the trustee would otherwise have been liable to be charged, has been legally assigned before service upon the trustee, and this is shown to the Court, the trustee will be entitled to be discharged.

A parol assignment of a chose in action is sufficient to transfer an equitable interest therein, which will receive protection in courts of law.

A symbolical delivery of personal property, so situated that an actual delivery of it, could not be made, has been regarded as sufficient. And upon the same principle, the assignee of a judgment, or of a book debt, may be enabled to establish his rights without proof of an actual delivery.

Under the Massachusetts insolvent act of 1841, c. 124, the mere facts, that the assignment was made about two months before the insolvency of the assignor was published, and that the assignee received as collateral security, nearly double the amount due to him in debts apparently due to the assignor, were held not to be sufficient to authorize the conclusion, that the assignee " had reasonable cause to believe such debtor was insolvent."

When the assignee has proved that the debt due from the trustee has been assigned to him before the service of the trustee process, his title to it must be considered as continuing to exist, until there be proof adduced, from which it may be inferred, that it has been impaired or destroyed.

The principal debtors were defaulted, and the question was merely, whether the trustees, partners, doing business in the name of T. W. & D. W. O'Brion, should be charged or discharged by reason of a balance of $334,83, admitted to be due on book account.

The original disclosure was made at the Nov. Term, 1846, and at the April Term, 1847.

*Howard* and *Shepley,* for the trustees, said that since the disclosure was made, that Henry Winsor, of Boston, had made claim to have the balance due from the trustees to the principals paid to him, as their assignee under the insolvent laws of Massachusetts, and had given written notice of his claim ; that

the trustees were ready to pay the amount of their indebtedness to such persons as were legally entitled thereto; that the trustees only wished to be protected against all after claims in Massachusetts as well as in this State; and to the end that all claimants should be represented, the trustees made a motion in writing, that they might be permitted to make an additional disclosure, stating such facts as had come to their knowledge since their former disclosure was made.

*W. P. Fessenden,* for the plaintiff, objected that it was now too late.

For the trustees it was replied, that the trustees were mere stockholders, and for their security ought to have the privilege of presenting all the facts within their knowledge.

The Court permitted the additional disclosure to be made.

*Augustine Haines* had previously appeared for William Stone, who had been permitted to come in and prove his claim to the debt due from the trustees to the principal debtors, under Rev. Stat. c. 119, § 37, and now moved that Henry Winsor might also come in and prove his claim. The Court permitted him to come in.

Depositions appeared to have been taken in proof of these claims; and the plaintiff, the trustees and the assignees agreed, that the Court should determine what was proved by the evidence. No copies of this evidence have come into the hands of the Reporter. The facts disclosed appear in the opinion of the Court.

*W. P. Fessenden* argued for the plaintiff. The grounds on which he contended that the assignees should be charged are stated in the opinion of the Court. He cited, *Fox* v. *Adams,* 5 Greenl. 245; 8 Law Rep. 499; 7 Metc. 164; 6 Greenl. 60; 3 Greenl. 346.

*Haines,* in his argument for the assignees, contended that an assignment of a contract not under seal, or of instruments not evidenced by sealed instruments, need not be by deed. *Quiner* v. *Marblehead S. I. Co.* 10 Mass. R. 476.

A judgment may be assigned by parol, or by writing not

under seal. *Ford* v. *Stuart*, 19 Johns. R. 342; 13 Mass. R. 304; 15 Mass. R. 485; 5 Greenl. 282; 2 Greenl. 147 and 322.

In this State, as in Massachusetts, the equitable interest in the debtor passes immediately on the assignment to the assignee, and it is sufficient, if notice of this be given to the person summoned as trustee, in season for him to resist the claim made on him by a creditor of the assignor. This is settled by repeated decisions. It is enough to cite the first. *Dix* v. *Cobb & trustee*, 4 Mass. R. 512.

The opinion of the Court was drawn up by

SHEPLEY J. — The trustees admit, that there was a balance due from them to the defendants, on book account, at the time of the service made upon them.

William Stone and Henry Winsor have been admitted according to the provisions of the statute, c. 119, § 37, to present and prove their claims to the debt due from the trustees.

The claim of Stone arises out of an alleged assignment of the debt made by the defendants to him on August 10, 1846.

Winsor is the assignee of the defendant under the provisions of a statute of the Commonwealth of Massachusetts passed in the year 1841, c. 124, for the relief of insolvent debtors.

If the debt had been legally assigned to Stone before service was made upon the trustees, they will be entitled to be discharged.

The counsel for the plaintiff allege, that the debt had not been legally assigned. That no order had been drawn by the defendants upon their debtors in favor of the assignee. That no document is presented, signed by them, purporting to transfer the debt. That no delivery of the account, or of a transcript of it, is proved.

A receipt bearing date on August 10, 1846, signed by the assignee is introduced, by which he acknowledges, that he has received an assignment of this debt with others as collatera security for the indorsement of two promissory notes described.

The assignors by taking such a receipt from him fully admit, that they had assigned the debt to him. There is proof of a parol assignment by the admission of both the parties to it as well as by the other testimony. Such an assignment is sufficient to transfer an equitable interest in a chose in action, which will receive protection in courts of law.

From the testimony introduced the Court cannot properly come to the conclusion, that a transcript of the account was not made and delivered to the assignee. The receipt states, that the notes and accounts enumerated in it had been received by him. It describes a note of the assignors and declares " which note was given me with the collateral this day."

Elisha Stone, speaking of this account in his answer to the second interrogatory, says, " William Stone had other collateral security with that." In his answer to the fifth cross interrogatory he speaks of having " turned over to him securities to save him harmless against indorsements." And says, " the books show nothing of such transactions, except that the accounts so turned over to him were marked in pencil with his name."

Asa T. Richards, in his answer to the sixth cross interrogatory, says, " other collateral was passed to William Stone with the Obrion account as is shown by the receipt, but without it I cannot state it." The meaning of the witness appears to be, that without the receipt he cannot state what other securities were passed to him with the Obrion account. The witnesses thus speaking of the account as turned over, or passed to the assignee, must be supposed to have reference to a copy or transcript of it as the only thing, to which such language could have been properly applicable. The entry by a pencil, of the name of the assignee on the book, affords no indication that a transcript of the account was not made and delivered. The witnesses were not asked by either party, whether such a transcript was made and delivered to the assignee, and this may well account for the incidental manner, in which the proof is presented.

But if the proof should be regarded as doubtful the Court is not prepared to decide, that the assignment was not legally made and proved.

A symbolical delivery of personal property so situated, that an actual delivery of it could not be made, has been regarded as sufficient. The assignee of a judgment or of a book debt may, upon the same principle, be enabled to establish his rights without proof of an actual delivery. For a delivery of a transcript of them would not prove a delivery of the debt or judgment. It would only prove the delivery of something indicative of their existence and of the intention of the parties. Other evidence, shewing that the transfer had been completed, might be sufficient. The receipt of the assignee admits the delivery to himself; the reception of it by the assignors and the entry of the assignee's name upon the book by them would seem to be equivalent to the usual proof of a symbolical delivery. In the case of *Robbins* v. *Bacon*, 3 Greenl. 349, this Court, taking notice that a book debt cannot be delivered to an assignee, expressed the opinion, that a copy might be considered, when delivered, as equivalent to the delivery of a bond or note. It did not intimate, that such would be the only mode of proving a symbolical delivery.

It is further contended, that the assignment should be regarded as invalid by virtue of the insolvent law of Massachusetts, because the assignee, when he received such security, "had reasonable cause to believe such debtor was insolvent."

The testimony shews, that the assignee, being the father of one of the assignors, resided at a distance from their place of business, and that he had never visited it. That the only information respecting their business communicated to him was, that they were doing very well.

The fact, that the assignment was made about two months before their insolvency was published, and the fact, that he received as collateral security nearly double the amount in debts apparently due to them, are not sufficient to authorize the conclusion, that he had reasonable cause to believe that they were then insolvent.

It is further contended, that the trustees should be charged, because the assignee has not shown, that he had not received from the other securities assigned to him, sufficient to repay the amount which he had paid for the assignors. When the assignee has proved, that the debt due from the trustees, had been assigned to him, before service was made upon them, his title to it must be considered as continuing to exist, until there be some proof adduced, from which it can be inferred, that it has been impaired or destroyed. There is nothing in the testimony presented in the case to authorize such an inference.

*Trustees discharged.*