Mc Fadin  v.  Mac Greal.

JAMES McFADIN v. PETER MACGREAL.

25   73
74   634
25   73
82   184

Where suit is brought in the name of a party for the use and benefit of another, and it appears from the petition that the former has no interest in the litigation, (as a suit in the name of the assignor for the use of the assignee of a judgment,) his name is used as a mere matter of convenience, and he is not supposed to be present in court, either in person or by attorney.  He is a merely nominal party on the record.

He is not to be deemed, for the purposes of the litigation, a party to the suit, and no recovery can be had against him, (unless possibly for costs,) without first making him a party by the service of process upon him, so that he may be afforded an opportunity to appear and protect his interests. A judgment against him, without service, on a plea in reconvention by the defendant, is *coram non judice*, and void.

ERROR from Brazoria.    Tried below before the Hon. George W. Smith.

This suit was brought on the 10th day of September, 1858. The petition, so far as it need be set out, was in substance as follows:

" The petition of James McFadin, who resides in the county of Smith, in the State aforesaid, and who sues for the use of Jack Davis, who is also a resident of said county of Smith, complaining and moving against Peter MacGreal, who is an attorney and counsellor-at-law, and who resides in the county of Brazoria aforesaid, in the State aforesaid, and within the jurisdiction of this honorable court, respectfully shows unto your honor, that heretofore, to wit: on the 18th day of May, A. D., 1855, your petitioner, the said James McFadin, in and by the consideration and judgment of this honorable court, recovered a judgment against Barbara M. Calvit for the sum of seven thousand two hundred dollars, which said judgment, on the appeal of said Barbara M. Calvit, to the Supreme Court of the State of Texas, was on the 16th day of February, A. D. 1856, by the Supreme Court aforesaid, affirmed, and judgment awarded against the said Barbara M. Calvit, and John H. Herndon, and F. J. Calvit, her securities upon said appeal."

The petition alleged the collection of the judgment by the de-

fendant, and that, on the 22d day of June, 1858, McFadin transferred and assigned the said judgment to Davis before he knew of the collection aforesaid by the defendant. The prayer of the petition is as follows :

"Therefore the said James McFadin brings this his suit and motion against the said Peter MacGreal, and prays that the said motion be sustained, and that a rule and judgment be entered and recorded against said Peter MacGreal for the amount by him collected as aforesaid, with legal interest thereon. And also for his damages, not less than ten per centum, nor more than twenty per centum, to be computed on the principal sum, according to the form of the statute in such cases made and provided. And the said James McFadin further prays for citation to the said Peter MacGreal to appear and answer the premises; and for such other and further relief as the nature of his case may require, and to this honorable court may seem meet and right; and as in duty bound the said James McFadin will ever pray.

(Signed)                "JACK DAVIS, Attorney for plaintiff."

The defendant pleaded that before the assignment and transfer to Davis, he held the promissory notes of McFadin for the sum of $50,000, and at the time of receiving them for the purchase of certain lands by him sold to McFadin, he allowed him a credit on said purchase money to the amount of said judgment, deducting commissions for collecting, for the amount of which judgment debt McFadin executed to him a receipt, of all which he alleged Davis had notice before the date of the transfer.

He also pleaded in offset against McFadin an account for money loaned, paid out and expended for him at his request, for $2441, and for professional services rendered him in certain causes amounting to $1750.

On the calling of the cause for trial, it is recited in the minutes that McFadin and his attorney, Davis, failing to appear, and having filed an order to discontinue this cause against the said MacGreal, the court retained the suit as to the defendant's plea in set-off and reconvention. And the defendant proceeded *ex parte* to the trial of the matters of account before referred to, and on

the verdict of the jury in his favor recovered a judgment against McFadin for $3146 65.

It does not appear that McFadin was served with process or otherwise notified of any of the proceedings had in the cause. There was no statement of facts nor bill of exceptions.

The plaintiff in error assigned as error:

The rendition of said judgment.

The want of jurisdiction to render the same.

That the court had no jurisdiction over the plea in reconvention, or cross action by the defendant against the plaintiff in error.

That no evidence should have been received of any claim or demand against him founded on the answer.

That the plaintiff having discontinued the suit on his part, the defendant could not recover a judgment in reconvention for damages against the nominal plaintiff.

*Ballinger & Jack*, for the plaintiff in error.—To reverse the judgment of the court below, we rely on the following points and authorities:

McFadin was a merely nominal and formal party, whose name was used by Davis, by whom and for whose use and benefit the suit was brought, and who is to be regarded as the real party and actor in the suit. The litigation was substantially between Davis and MacGreal; and although the cause of action was subject in Davis' hands to any *defence* or *set-off* which existed to it in the hands of McFadin prior to the assignment, yet McFadin was not before the court, so as to make him liable to any other or further cross-action or reconvention on the part of MacGreal.

The petition alleges the assignment of the judgment against Mrs. Calvit and others by McFadin to Davis on the 22d of June, 1858, prior to any advice of its collection and authority to Davis to take, in the name of said McFadin, all lawful ways and means for the recovery of the moneys due thereon.

The defendant alleged that the assignment was made fraudulently, &c., but did not deny the *fact* of the assignment, which he could only have done under oath. (Hartley's Digest, article 2524.)

Davis, as the assignee of the judgment, had the legal right to use the name of McFadin as the nominal plaintiff for his own use and benefit. The judgment was in the name of McFadin; the execution run in his name; the assignment to Davis vested in him the beneficial and equitable interest, but could not convert them into a judgment and execution in his *favor*, and McFadin still remained the legal party to the record and the party in whose name the judgment must continue and the execution proceed. Our statute regulating assignments, &c., has no application to judgments. It authorizes the assignee of "*any bond or other written instrument*" to "maintain an action in his own name," but this clearly does not include judgments. (Clay v. Clay, 13 Tex., 195; Wahrenberger v. Horan, 18 Tex., 57.) And see the construction of a similar statute in Mississippi and elsewhere. "The assignee of an instrument not embraced in the statute stands as at common law."

We believe, that under the equity powers of our courts, the assignee of a judgment might sue in his own name, though the rule in equity would make the assignor also a proper party.

But there can be no objection to the suit in the name of the party having the legal interest for the use of the equitable owner; and where the course is pursued in conformity with all precedent, and out of abundant caution, it would not be permitted to work any detriment to the right of either the formal or actual party plaintiff.

The petition in this case was so framed as to embrace the "*motion*" against the defendant, MacGreal, as an attorney and counsellor of law, who had collected money and refused to pay it over, which is authorized by the statute; (Hart. Dig., Art. 62;) in which damages of not less than *ten* nor more than *twenty* per cent. on the principal sum are awarded in addition to the legal interest; and it was considered that only the legal party to the judgment could make that motion. (See Beaver v. Battle, 19 Tex., 111.)

Returning to the general principles of law applicable to the case, Davis had the absolute right to use the name of McFadin for his own benefit in prosecuting this suit or any proceedings

McFadin v. MacGreal.

proper to give full effect to the assignment. This he might do without the knowledge or assent of McFadin, other than the assent implied in the assignment.

May use the names of the assignors, executors, or administrators. (Dawes v. Boylston, 9 Mass., 337; Cutts v. Perkins, 12 Mass., 206; 24 Pick., 261.)

These authorities abundantly show that the party for whose use the suit is brought is not merely the substantial and real, but is the only actor. He employs the name of the plaintiff without any agency or action by the latter. The nominal plaintiff has no control of the suit; he cannot dismiss it; (McMillen v. Coxe, 1 Dallas, 139;) can give no release against the cause of action; (Cowan v. Sheilus, 1 Overton, 314; Daun v. Snell, 15 Mass., 485; Raymond v. Squire, 11 Johns., 49; Andrews v. Becker, 1 Johns., cases 411 and cases in note; Eastman v. Wright, 6 Pick., 316; Timan v. Leland, 6 Hills N. Y. R., 237;) can do nothing in the suit to prejudice the rights of the beneficiary.

Courts will not permit any assignor injuriously to interfere with the conduct of any suit commenced by his assignee to enforce the rights which passed under the assignment. (Welsh v. Mandeville, 1 Wheat., 233; and same case, 5 Wheat., 277; State v. Herod, 6 Blackf., 444; Wardell v. Eden, 2 Johns. cases, 121, 258; Briggs v. Dow, 19 Johns., 97.)

Shaw, the assignee, may be considered as the substantial plaintiff, although his name does not appear on the record. (Canby v. Ridgway, 1 Binney, 496.) It is the experience of every day, that the assignee brings an action in the name of the assignor without consulting or even letting him know it. (State v. Phœnix Ins. Co., 3 Binney, 312.) We have no court of chancery, and therefore are obliged to sustain actions in the name of one person for the use of another; but in such cases the person for whose use the suit is brought is considered as the plaintiff; an attachment for costs may issue against him; nor is the person whose name is made use of liable for the costs. This I consider is our practice long settled. (Brown use of Phillips v. Wier, 5 Serg. & R., 402–3.)

Our statute shows that the plaintiff is regarded as a merely formal

party by requiring no revival by his representative in case of his death before verdict. (Hart. Dig., art. 701.) And in Heard v. Lockett, 20 Tex., 163, this court characterizes the "nominal party plaintiff for the use of another as a fictitious shelter."

We submit to the court, that a party whose *name alone* was thus used, without his own volition and beyond his control, by another party, for the protection and enforcement of supposed rights of the latter, was not before the court so as to make him subject to this cross-action on the part of the defendant.

*John B. Jones*, and *Wharton & Terry*, for the defendant in error.

WHEELER, C. J.—There is one obvious view of this case, taken by counsel for the appellant, which, in our opinion, must be decisive of it, and will supersede the necessity of further inquiry; and that is, that the recovery is against a person who was not a real party to the suit, and has had no opportunity afforded him to make his defence. He has been treated by the defendant as plaintiff, and the recovery obtained against him upon a plea in reconvention. Did he occupy a position upon the record which entitled the defendant to reconvene upon him? We think clearly not. He had asserted no demand of his against the defendant, to which the latter could oppose a plea in set-off and reconvention. He was not the party plaintiff in the suit, for any of the purposes of the litigation. Nothing is asked of the court in his behalf. Nothing can be more clear than that, to ascertain who is the party plaintiff in a suit, we must look to the petition, and to that alone. It is only by the petition that a party can become a plaintiff in the District Court. Looking to the petition, it is free from doubt that Davis, for whose sole use the suit is brought, is the real party plaintiff, and McFadin but a merely nominal and formal party. The latter, so far as the petition discloses, has no interest in the suit, or in the matter in litigation. It is Davis who uses his name—it may be without his knowledge or consent—who is the real plaintiff; and the only party who seeks to litigate in that capacity, his own demand against the

McFadin v. MacGreal.

defendant. As the assignee of the judgment, he alone had the right to control it, and to sue upon it; and his assignor could no more control the bringing or the conduct of the suit, than he could any other use his assignee might see proper to make of the judgment. The latter had the right to use his name, if he saw proper, in bringing the suit without consulting him. The former could take no benefit by the suit, and he incurred no liability on account of it, unless, possibly, for costs. In case of the death of such nominal party, his legal representative is not required to be made a party; but the suit may be conducted to judgment by the real party in interest, without further notice of him than the bare suggestion of his death upon the record. (Hart. Dig., art. 701.) His name is used by his assignee, as mere matter of convenience in bringing the suit; and he is not suffered to be present in court, either in person or by attorney, or to be cognizant of the proceedings in the case. He is a merely nominal party upon the record. Before a judgment can be recovered against him, it is very clear that he must be made a real party. This can not be done by the allegations merely of either of the parties litigant. It can only be as any other party is brought into court and subjected to its jurisdiction over his person, by the service of process upon him. This was not done. The appellant did not make himself a party litigant, nor was he made a party, in any mode known to the law; and it is immaterial what allegations the answer contains, or what the proof was, the judgment having been rendered against one who was not the real party to the suit, and did not occupy that attitude upon the record, is *coram non judice* and void.

The view we have taken of the case might be supported by a reference to numerous authorities; but we deem it too obviously correct to require such support. In Pensylvania, where they have no court of chancery, it seems that one whose name is thus used by his assignee in bringing a suit, is not even liable for costs. (5 Serg. & R., 402–3.) It is said to be every day's observation, that the assignee brings an action in the name of the assignor, without consulting him or even letting him know of it. (3 Bin., 312.) In our practice he has always been considered and treated as a merely nominal party, and not as the actor or real litigant, but as

having in truth no concern with the litigation. He can exercise no control over the suit: he cannot dismiss it, or release the cause of action, or do anything to prejudice the right of the assignee. (1 Dallas, 139; 15 Mass., 485; 1 Wheat., 233; 20 Tex. R., 162.) It is plain, therefore, that he is not to be deemed, for the purposes of the litigation, a party to the suit; and no recovery can be had against him without first making him a party, by the service of process upon him, so that he may be afforded an opportunity to appear and protect his interests. This not having been done, it results that the judgment is erroneous and must be reversed, and the cause remanded for further proceedings.

Reversed and remanded.