# MERRIMACK,

## JUNE TERM, A. D. 1861.

### BREWER *v.* FRANKLIN MILLS.

A surety who pays the debt may stipulate for an assignment of the collateral securities held by the creditor, and the debt will be held unpaid so far as is necessary to support those securities. An attachment is deemed such a collateral security, and an assignment of the action will entitle the surety to prosecute the same, and to levy the execution recovered for his own benefit. A parol assignment is sufficient in such a case.

THIS action was brought to recover the sum of $20,000, with interest from January 1, 1857. It is now prosecuted for the benefit of J. Nesmith and others, under the following circumstances:

At the time of making the contract between the plaintiffs and defendants, under which the indebtedness claimed in this action arose, said J. Nesmith and others, as sureties for the defendants, gave their collateral obligation to the plaintiffs, to secure the payment of the same indebtedness. At the time of the commencement of this action, the plaintiffs also commenced actions against said J. Nesmith and others, on their collateral obligation, to recover the same claim.

Subsequently, and after the entry and first continuance of this action, the said J. Nesmith and others paid the amount of the claim to the plaintiffs, with the understanding and agreement between them and the plaintiffs, that they should have the right to further prosecute this action in the name of the plaintiffs, but for their own benefit, so as to have the advantage of the attachments

Brewer *v.* Franklin Mills.

made on the writ in this action, of property of the defendants. No formal or written assignment of the claim was made by the plaintiffs to the paying parties.

Erickson, Livermore & Co., subsequent attaching creditors of the defendants, whose attachment was made prior to the payment of the amount of the claim as aforesaid, by leave appear and make defense to this suit.

It is agreed that judgment shall be rendered according to the opinion of the court upon the foregoing case.

*Minot & Mugridge,* for the plaintiffs.

*Kittredge,* and *Bartlett,* for the defendants.

BELL, C. J.[*] In the case of *Edgerly* v. *Emerson,* 23 N. H. 555, it was held that a surety paying the debt may stipulate for an assignment of all the collateral securities of the creditor against the principal, and such assignment will be protected in courts of law as well as in equity. Though in general the payment of a debt by any person who is liable to its payment is a discharge of it, yet, if the co-debtor making the payment is a surety, the debt will be held undischarged, so far as is necessary to preserve and give effect to the collateral securities against the principal, assigned by the creditor to the surety. An attachment under our laws is such a collateral security for the payment of the debt, as to come within the same reason and rule as a mortgage, pledge, or other security. The lien of the attachment will be preserved for the benefit of the surety, who pays the debt and takes an assignment of the debtor's securities, in the same manner and to the like extent, whether the payment is before or after judgment. A judgment may be entered up to be levied on the property attached, or if judgment is rendered, a levy on that property may be effectually made, for the

[*] Nesmith and Bartlett, J. J., did not sit.

benefit of the surety, though the execution could not properly be used for other purposes. See *Low* v. *Blodgett*, 21 N. H. 121, and *Rochester Bank* v. *Gowdy*, there cited. The soundness of these principles we have seen no reason to question.

The only question here, is whether the case comes within these rules. It distinctly appears that Nesmith and others were sureties. It has never been held material to the right of sureties to claim indemnity from their principal, or an assignment of collateral securities from the creditor, on payment of the debt to him, that they were bound by a different instrument from the principal, or that their contract was circumstantially different from his, as where their obligation is contingent or conditional. If they are bound for the payment of the same debt, for the same debtor, to the same creditor, they are, as to the subrogation of the creditors' collateral securities, to be regarded as sureties. *Craythorne* v. *Swinburne*, 14 Ves. 160 ; *Norton* v. *Coons*, 2 Seld. 33 ; 1 Story's Eq. Jur., sec. 495 ; Adams' Eq. 608.

The understanding and agreement stated in the case, that Nesmith and others should have the right to prosecute this action, and have the benefit of the attachment of the defendants' property upon the writ, is distinct and explicit. It shows clearly the intention of the parties to transfer and to acquire the right of action for the benefit of the sureties. If the manifest intent of the parties to sell and to purchase the plaintiffs' claim was in law sufficient to transfer the claim, this agreement was quite sufficient. If a formal or written transfer was required, it was entirely ineffectual.

This question, whatever doubts may have existed on the subject, is settled here and elsewhere, we think, conclusively. In *Thompson* v. *Emery*, 27 N. H. 269, it was held that the assignment of a chose in action may be by parol, and a delivery of a note or bill, upon a good con-

sideration, is a sufficient assignment.    The cases cited by
the court, *Hawell* v. *McIvors*, 8 D. & E. 690 ; *Heath* v.
*Hall*, 4 Taunt. 326 ; *Titcomb* v. *Thomas*, 5 Greenl. 282 ;
*Clark* v. *Rogers*, 2 Greenl. 147 ; *Jones* v. *Witter*, 13 Mass.
304 ; *Prescott* v. *Hall*, 17 Johns. 284, well sustain the
decision.    Many others may be added, as *Briggs* v. *Dorr*,
19 Johns. 95 ; *Ford* v. *Stewart*, 19 Johns. 342 ; *Dunn* v.
*Snell*, 15 Mass. 485 ; *Porter* v. *Bullard*, 26 Me. 448 ; *Grover*
v. *Grover*, 24 Pick. 263 ; *Ball* v. *Larkin*, 3 E. D. Smith
555 ; *Spafford* v. *Paige*, 15 Vt. 490 ; *Crain* v. *Paine*, 4
Cush. 483 ; See 3 Lead. Cas. in Eq. 307, 357.

*Judgment for the plaintiffs.*