## HENRY E. HOOKER v. EAGLE BANK OF ROCHESTER.

It is not necessary, in order to charge a corporation for services rendered, that the directors, at a formal meeting, should either have formally authorized or ratified the employment.

For many purposes the officers and agents of the corporation may employ persons to perform services for it; and such employment, being within the scope of the agent or officer's duty, binds the corporation.

In other cases, if an officer employs a person to perform a service for the corporation, and it is performed with the knowledge of the directors and they receive the benefit of such service, without objection, the corporation is liable upon an implied assumpsit.

In equity, a parol assignment of a claim or demand enables the assignee to sue in his own name.

Under the code an assignment, valid as an equitable assignment, is equally valid at law.

IN April, 1854, the defendant owned a lot of land in the city of Rochester, the buildings on which had been destroyed by fire, and it intended to erect on said premises a new building in a part of which its banking house was to be located. Kauffman & Bissel were architects, in Rochester, at the same time; and Bissel, one of said firm, had entered into a contract with said defendant for the purchase of a part of said premises, on which the defendant was to erect a new building, but this agreement was rescinded before the transactions hereinafter mentioned. K. & B. prepared plans and specifications for the new building, under a contract, as is alleged in the complaint, with the defendant to furnish the same and superintend the work, for the sum of $1,000. The excavation of the cellar and construction of a sewer on said premises were let to one Potter, who had entered into a contract for said work, and he performed work according to the plans and specifications furnished by K. & B., and was paid upon estimates made by them.

In the spring of 1855 the bank sold the said premises to one Chappel, who assumed the contract with said Pot-

ter, and agreed to pay a small sum to one Austin, an architect, for work done in reference to said building, and also to pay to K. &'B. a sum for like services not then liquidated, not exceeding, however, $50. Chappel dismissed K. & B. and employed another architect, although they were, as they allege, ready and willing to go on with the work. The complaint contained two causes of action; one on a special contract to pay $1,000 for the services to be rendered by K. & B.; the other on a *quantum meruit.* The assignment to the plaintiff from K. & B. was not in writing, and evidence of the assignment was objected to on that ground.

On the trial evidence was given on the part of the plaintiff, who was assignee of the demand from K. & B., tending to prove an agreement by the defendant, through its president and two other officers, to employ and pay K. & B. for preparing plans, &c., $1,000; and on the part of the bank, tending to show that no such agreement was made. It was shown that at the time K. & B. were dismissed from the work one-half of the work was done. The defendant moved for a non-suit on the grounds:

1st. That no cause of action had been proved.

2d. That neither of the issues had been proved.

3d. The assignment to the plaintiff was not in writing, and therefore was invalid.

The motion was denied and the defendant's counsel excepted. The defendant's counsel requested the court to charge the jury that the plaintiff could not recover unless he proved an express contract between K. & B. and the defendant, and that such contract could be made only by the directors acting as a body, or by some person to whom they had delegated a power to make a contract. That the defendants could not be charged on an implied contract. That there was no evidence that Cheney or Bacon, two of the directors, jointly or individually, were authorized by the defendant to make any contract with K. & B., and

that their acts and admissions are insufficient to charge the defendant.

The court charged in substance that the plaintiff could not recover on the special contract, unless he proved an express contract between K. & B. and the bank to do the work at the price named. That the defendant could only contract by resolution of its board of directors, or by its officers acting within the scope of their authority. But that, if no express contract was proved to employ K. & B. and pay them the $1,000, a contract might be implied from the request of the bank, or its officers, to K. & B. to do the work. And upon the performance of services in pursuance of such request, and the subsequent ratification thereof by the bank, the bank was bound to pay so much as the services were reasonably worth.

The defendant's counsel excepted to that part of the charge in which the jury were told that a contract might be implied, and to the refusal to charge as requested. The jury found for the plaintiff $500, for which sum judgment was rendered, and the same was affirmed at a general term of the supreme court sitting in the seventh district, and the defendant appealed.

—— ——, for the appellant.

*T. C. Montgomery*, for the respondent.

MULLIN, J. Proof was given, on the trial, tending to prove an express contract by the defendant to employ Kauffman & Bissel as architects to make plans, &c., for the new building, and to pay them therefor the sum of $1,000. The jury, by finding for the plaintiff $500 only, must have found there was no express promise to pay K. & B. $1,000, but they have found an agreement to employ them; that they, K. & B., have performed services for the defendant, and that such services are reasonably worth $500. It is

not necessary, in order to charge a corporation for services rendered, that the directors, at a formal meeting, should either have formally authorized or ratified the employment. For many purposes the officers and agents of the corporation may employ persons to perform services for it, and such employment, being within the scope of the agent or officers' duty, binds the corporation. In other cases, if an officer employs a person to perform a service for the corporation, and it is performed with the knowledge of the directors and they receive the benefit of such service without objection, the corporation is liable upon an implied assumpsit. (*Danforth* v. *Schoharie Turnpike Co.* 12 J. R. 227; *Dunn* v. *Rector of St. Andrews*, 14 id. 118; *Long Island Railroad Co.* v. *Marquand*, 6 Legal Obs. 160; *Fister* v. *LaRue*, 15 Barb. 323; 7 Cowen, 540; 9 Paige, 496; 17 N. Y. 449; 22 Wend. 348; 20 Wend. 91; 4 Cow. 645; Angel & Ames on Corp. §§ 7, 8.) There was sufficient evidence to authorize the verdict.

Sundry objections were made to the evidence of the witness Potter, taken on commission. It appeared that he had entered into a contract with the defendant to build the foundation of the new building, and perform other work connected therewith; and, in his answers to some of the interrogatories, he spoke of the contract, and it was objected that the contract should have been produced. The interrogatories did not call for the terms of such contract, nor do they even mention a contract. The witness, in stating his connection with the building, spoke of his contract, but did not give, nor propose to give, the terms of it. There was no ground whatever for the objection, and it was properly overruled.

The same witness was asked whether he had seen plans and specifications made by K. & B. He replied that he had. The defendant's counsel objected that the papers should be produced, and this objection was overruled. The witness Bissel testified that the plans, &c., were left

with some of the officers of the bank, and the architect employed after K. & B. were discharged used some of them. The judge might well presume the papers in the defendant's custody; and if so, the bringing of the suit was sufficient notice to produce them. These objections were properly overruled.

The defendant moved for a non-suit on several grounds, all of which are disposed of by the legal propositions above advanced, except one, and that is, that the assignment from K. & B. to the plaintiff, being without writing, was void.

A chose in action might at law be assigned without writing, so as to enable the assignee to enforce the debt or demand assigned in the name of the assignor, if there was a valuable consideration and a delivery of the thing assigned. (*Ford* v. *Stuart*, 19 J. R. 342; *Briggs* v. *Dorr*, 19 J. R. 95; *Prescott* v. *Hall*, 17 J. R. 284.) Such an assignment, in equity, enabled the assignee to sue in his own name.

A book debt is a chose in action and assignable; (*Dix* v. *Cobb*, 4 Mass. 508;) and may, like any other chose in action, be assigned by parol. (*Jones* v. *Witter*, 13 Mass. 304; *Briggs* v. *Dorr*, id. 95, and cases cited; 2 Cases in Chancery, 7, 37; *Dunn* v. *Sell*, 15 Mass. 485.)

Under the code, an assignment valid as an equitable assignment is equally valid at law. (Code, § 111.)

The charge was right, and the judgment must therefore be affirmed, with costs.

All the judges concurring, judgment affirmed.