# SUPREME COURT.

WILLIAM M. EARLE and another, agt. GEORGE S. SCOTT, WILLIAM E. STRONG and others.

*Demurrer to complaint.*

Where the allegation of the complaint is "that the defendants and certain other persons, whose names are unknown to these plaintiffs, but whose names, when discovered, the plaintiffs pray for leave to join as defendants, entered into a certain copartnership," &c., for the purchase of certain stock, &c., is not demurrable on the ground that there is a defect of parties defendant. Plaintiffs are not bound to name as defendants persons of whose names they are ignorant.

Where the complaint alleges the formation of a certain copartnership, the appointment of W. as the manager thereof, the purchase of a large amount of stock, and a sale or closing out of that stock by the order of W. at a loss of $300,000 to the plaintiffs, it states a good cause of action, and is not demurrable for not stating facts sufficient to constitute a cause of action.

But several causes of action can be united in one complaint only, where each cause affects all the parties to the action, and they must be in favor of all the plaintiffs and against all the defendants. *Held,* that this complaint was demurrable on the ground that several causes of action had been improperly united in violation of this rule.

*Special Term, February,* 1874.

DEMURRER to complaint.

*F. F. Marbury,* for defendant Scott.

*Dudley Field* and *H. S. Bennett,* for other defendants.

*Wm. H. Anthon,* for plaintiffs.

Earle agt. Scott.

VAN BRUNT, *J.*—The defendants demur upon three grounds : 1st. That there is a defect of parties defendant; 2d. That several causes of action have been improperly united; and, 3d. That the complaint does not state facts sufficient to constitute a cause of action.

The first ground of demurrer, viz., that there is a defect of parties defendant, does not seem to me to be well taken. The allegation is that the defendants and certain other persons, whose names are unknown to these plaintiffs, but whose names, when discovered, the plaintiffs pray for leave to join as defendants, entered into a certain copartnership, &c., for the purchase of certain stock.

The defendants can, by their answer, set up such other parties in interest as have not been made defendants in this action, and they may be brought in by an amended bill. There is no other way in which the plaintiffs can provide for unknown defendants.

The plaintiffs certainly cannot be bound to name as defendants persons of whose names they are ignorant.

The third ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. I think that a fair interpretation of this complaint shows that the plaintiffs allege the formation of this copartnership, the appointment of William S. Woodward as the manager of that copartnership, the purchase of a large amount of stock, and a sale or closing out of that stock by the order of Woodward at a loss of $300,000 to the plaintiffs. The exact meaning of the words " closing out " is not given, but we would understand by them that they terminated their contract for the stock by and with the consent of Woodward. These facts certainly show a good cause of action. If the language used in the complaint is indefinite and uncertain, it can be remedied upon motion.

The second ground of demurrer is that several causes of action have been improperly united, in that all the defendants named in the complaint are not liable for the whole amount

of the damage claimed; that there is one cause of action against all the defendants named in the complaint, and that there is another cause of action stated upon which some of the defendants are not liable. It cannot be necessary to cite authorities to sustain the proposition that several causes of action can be united in one complaint only where each cause affects all the parties to the action, and they must be in favor of all the plaintiffs and against all the defendants.

Although the causes of action are not separated in the complaint, yet there are distinctly two. The first cause of action is against the parties forming the first partnership for the loss upon the stock purchased for it, and the second is for the loss upon the stock bought for the second partnership.

These firms are not shown to be liable for the stock purchased on account of each other; there is no averment of any community of interest between them; the agreement between the two copartnerships was as follows: " The first partnership was to hold the stock by it purchased, and the second partnership was to make additional purchases of stock, and thereby enhance the price of the stock so that both partnerships might make large gains and profits thereby."

There is nothing in all this that would make one copartnership liable for stock bought by or for account of the other. The fact that the defendant William S. Woodward was a member of both partnerships, and was the manager of both, does not alter the question. I suppose that two firms may appoint one man their agent, and each only be liable for his acts when he assumes to act for that firm.

It is, of course, immaterial whether these partnerships were two separate or distinct combinations or one combination, whose object and scope were enlarged by subsequent agreement, if the members of both were the same; because, in the above case, all, in any event, would be bound for all the losses sustained. Therefore, unless it appears in the answer that these partnerships were formed of different members, this demurrer cannot be sustained. The first partner-

Earle agt. Scott.

ship was formed of the defendants, eight in number, and other parties whose names are unknown. The second partnership is formed of the defendants John F. Tracy and William S. Woodward, together with divers other persons whose names are unknown. It, therefore, appears that the parties who formed the second combination or partnership were different from those who formed the first, and the two combinations cannot be sued in the same action, unless each are liable for all the damages sustained by the defendants in the purchase of stocks for both. This, in fact, was the ground taken upon the argument by the learned counsel for the plaintiffs, but I think that I have shown that there was no legal liability upon the second partnership for the losses sustained upon stock purchased for the first.

The demurrer must, therefore, be sustained upon the second ground. Plaintiff to be allowed to amend upon payment of costs of demurrer.