By the Court.—Van Vorst, J.
The real object of this action, as disclosed by the complaint, is to bring the defendants McDonald and Spencer to an accounting, -in respect to their action as agents, under an agreement made by them with the defendant, Josiah Walker, on May 1, 1868.
By this agreement, such defendants were appointed the general agents of Walker, to sell and dispose of a certain article known as “ Vinegar Bitters,” which was manufactured- by Walker.
The agents, McDonald and Spencer, were by the terms of the agreement entitled to commissions for their services, out of the net profits to be realized on all sales, to the amount of fifty per cent, thereof. The *73 agents, by force of the agreement, were bound to render accounts periodically.
The complaint, in truth, sets up but one cause of action, although it contains specific allegations with regard to the receipts of large sums of money under the agreement, and their expenditure by the agents, and their acts and omissions, as to the subject-matter. Yet such allegations do not, as is supposed by the defendant’s counsel, amount to statements of different causes of action, which cannot be joined in the same complaint, but are all related to the principal matter, and tend more clearly to show that an accounting is proper. By way of illustration, the allegations in respect to the expenditure of a considerable sum of money, by the agents, out of the profits, for advertising, without the assent of the principal, do not, as is urged, disclose a cause of action for the wrongful conversion of the agents’ money. The propriety of such expenditure will be ascertained on the accounting, when the same will be scrutinized. For all that was properly expended under the agreement, the agents will be credited ; for improper and unauthorized expenditures, they will be charged.
There is, therefore, no improper joinder of causes arising under the agreement, with claims for wrongful conversion, as the demurrer suggests.
hior does the subject-matter contained in the ninth subdivision of the complaint disclose a separate cause of action against the defendant, Joseph Walker. If it does, its joinder with those for which the other two defendants are jointly liable, would be improper (Earle v. Scott, 50 How. Pr. 506).
The propriety of the payment therein claimed to have been made will also be determined on the accounting, and as to whether or not it was made after notice of the assignment to the plaintiff. By its prayer for relief, the complaint does, indeed, ask for a judgment *74 against the defendant Walker individually, for moneys paid to him by the other defendants after the assignment. But a demurrer will not lie to the prayer for judgment.
If, upon the trial, it shall appear upon the facts proven under the complaint that separate relief as to the defendant Joseph Walker cannot be allowed, it will doubtless be withheld. It is not an unusual thing for a plaintiff to ask, in the prayer of his complaint, relief to which he is not entitled, and which it would be improper to allow.
That the plaintiff has a remedy at law is no ground of demurrer. This court has always jurisdiction to dispose of a controversy by an effective judgment, if the complaint sets up a cause of action, whether the relief asked be legal, equitable, or both. The forum of the trial, whether before the court or a jury, will be determined when it comes on to be heard (De Bussierre v. Holladay, 4 Abb. New Cas. 111).
But in the case of agencies, such as the one under consideration, where accounts are involved, actions may. be brought on the equity side of the court for an accounting (Story Equity Jur. §§ 462, 463; Tam v. Vilmar, 54 How. Pr. 235, 238).
This disposes of the objection that the complaint does not set up facts sufficient to establish a cause of action. Salter v. Ham (31 N. Y. 321) is not opposed to this view.
The plaintiff, as the purchaser and owner of the interest and claim of the principal, and of all his rights of property under the agreement, is entitled to stand in his shoes and demand the account.
All rights and interests ex contractu are assignable (Butler v. New York & Erie R. R. Co., 22 Barb. 110; Hooker v. Eagle Bank of Rochester, 30 N. Y. 87).
We think the disposition of the demurrer made by *75 (,he judge at special term was correct, and the order appealed from is affirmed, with costs.
Speir, J., concurred.