Hardin, P. J.
Plaintiff has recovered seventy-five dollars, “the value of the clerical services and bookkeeping performed” by the bookkeeper of plaintiff’s firm. He acted as treasurer for defendant from April, 1884, until May, 1885, making no claim while so acting for compensation as treasurer. He was a stockholder of defendant and he was a member of the banking firm of Mather & Co. His uncle, Joshua Mather, the other member of the banking firm, was a promoter of the organization of defendant and a stockholder therein, as was, also, plaintiff’s father.
The calls for payments upon the stock were made payable and paid at said banking firm’s office, and that firm secured through the appointment of plaintiff as treasurer the account of defendant, which was wholly kept in plaintiff’s firm during his treasurership.
Ho resolution of the board of directors fixed any salary to the treasurership. Ho by-law fixed any salary for plaintiff as treasurer. By-laws were adopted which did fix salaries of other officers and the superintendent of defendant, and plaintiff knew of them and continued to act as treasurer without having any salary paid to him or fixed by the board or the by-laws.
The manner in which the business of the corporation which passed through the hands of the plaintiff, was fully developed in the evidence.
The referee has found thereupon, having had power to draw all the conclusions and inferences warranted by it, that “the personal services of the plaintiff were intended *595 to be gratuitous, and were performed by him without expectation on his part, and without agreement or understanding on the part of the defendant that he should receive any compensation therefor.”
We think there is evidence tending to support such conclusion.
In Smith v. The Long Island Railroad Co. (102 N. Y., 192, 1 N. Y. State Rep., 403), Andrews, J., said of a case involving the question here presented, viz.: “The burden Was upon the defendant to establish his defense.”
That case differs in some of its features from this one.
Plaintiff there was “neither stockholder nor director, and stood in no relation to the company which entitled it to his gratuitous service, or which made it his interest to serve the company without compensation.”
Here plaintiff was a stockholder, and his partner in the bank was a stockholder and director. In that case there had “been a salary to the prior incumbent.” Here there was no prior incumbent.
In that case there was “no apparent reason why a gratuitous service should be rendered or expected.” Here plaintiff’s banking firm secured the account of defendant, and. had knowledge of its financial affairs through the relation, which the plaintiff took towards defendant.
While it may be said the evidence is not strong and conclusive that the services were to be gratuitous, we think the question of fact which the referee found for defendant on that branch of the case was supported by evidence favorable to the defendant, and that we ought not to overturn his conclusions upon the whole case.
It was for the referee to say whether the implication of the promise was overcome by the evidence.
In Maltby v. Harwood (12 Barb., 473), it was said: “A. party is not to be made to promise against his will. Before he can be made liable for services, it must not only appear that the services have been rendered, but also that they "were rendered in expectation of receiving wages.”
The question is one of fact. Canover v. Cooper, 3 Barb., 115.
In Pendleton v. The Empire Stone Dressing Co. (19 N. Y., 13), in speaking of a similar question, Denio, J., said: “We think, upon the whole, the question was one of fact, suitable to be submitted to a jury.”
Plaintiff gave notice to defendant to produce certain books of defendant. They were not produced in obedience to the notice, but the referee subsequently allowed witnesses to refer to the books, which confessedly were the ones used by the plaintiff and his clerk, in ascertaining the extent of plaintiff’s entries and services.
*596 The question to Norris (folio 279) referred “ to books lying on the table,” and to plaintiff’s evidence.
It does not appear that “the books” were received in evidence. They are not returned as exhibits. The discretion of the referee was not abused.
In Tyng v. The U. S. S. and T. B. Co. (1 Hun, 165; S. C., affirmed, 60 N. Y., 644), cited by the appellant, it was held to be no error to “exclude from the case upon his offer to introduce them,” after refusal to produce them.
We think the rule laid down in that case was not violated to the material prejudice of the plaintiff.
Question and answer, allowed at folio 165, were proper to develop the feelings of the witness, and his answer did not hurt him.
Question at folio 168 was proper as bearing upon the value of the clerk’s services, and the good faith of plaintiff in regard to that question.
In folio 347, Curtiss was asked if he ever said plaintiff should be compensated, and answered: “I never did.”
The evidence was to contradict plaintiff, and the question was allowable, and the referee did not improperly exercise his discretion in that regard.
It was proper for defendant to show no employment with an express promise to pay a compensation, as well as to prove that the services of plaintiff under all the circumstances, were gratuitous. Hooker v. Eagle Bank of Rochester, 30 N. Y., 86; Smith v. Long Island Railroad Co., supra.
The referee found the clerical services performed for plaintiff by his clerk, who was also serving the banking firm, were worth seventy-five dollars, and allowed plaintiff to recover therefor. The value of such clerical services, and the good faith of plaintiff in regard to the payment, were questions of fact we need not review, as they were determined upon conflicting evidence, and, as we think, rationally by the learned referee.
Judgment affirmed, with costs, against appellant.
Boardman and Follett, JJ., concur.