HARRISON *v.* VERMONT MANGANESE CO.

(*City Court of New York, General Term.*    December 7, 1892.)

1. CORPORATIONS—LIABILITY FOR CONTRACTS BEFORE ELECTION OF OFFICERS.
    A corporation is liable for services rendered at the request of its incorporators, soon after the granting of the charter, whether its officers have been elected or not.

2. QUESTIONS OF FACT—FINDING BY COURT.
    Where defendant moves to dismiss at the close of a case, and plaintiff also moves for a direction in his favor, the question whether defendant is liable becomes one of fact for the court.

Appeal from trial term.

Action by Robert L. Harrison against the Vermont Manganese Company.    Judgment for plaintiff.    Defendant appeals.    Affirmed.

Argued before McGOWN, VAN WYCK, and McCARTHY, JJ.

*R. H. Smith,* for appellant.    *Robert L. Harrison, pro se.*

McCARTHY, J.    This is an appeal from a judgment entered in favor of the plaintiff against the defendant for the sum of $276.78, and is for services

claimed to have been performed by the plaintiff in the month of September, 1889, for the defendant.   The defendant's organization sprang into existence in March or April, 1889, that being the date of the charter under which the incorporators met.   The purposes of the organization are fully set out in the evidence.   Among its incorporators were W. W. Flanagan, (who was also connected with another company;) a Mr. Russell P. Hoyt, who was elected its president shortly after the first meeting of the incorporators; and a James Gwatkin, another incorporator, who was secretary.   About August 27, 1889, at the request of some of these incorporators, the plaintiff directed to call a meeting of the shareholders of the defendant, which was done by the plaintiff, and such meeting took place on September 16, 1889, and the organization then, so far as the election of its officers and the performance of some other routine business, was completed.   Defendant had from the time of the granting of the charter become a corporation for all intents and purposes.   Its incorporators would be liable from that time for all acts, whether it had a president or other officer.   The officers are only the medium through which it acts, and the incorporators could delegate its power to any of its members, or require all to act together.   The services performed were clearly for the benefit of the defendant, and were accepted by its incorporators.   *Hooker* v. *Bank*, 30 N. Y. 83.   It was on the authority of all the officers.   The defendant having, by his motion to dismiss at the close of the case, left the matter with the court, and the plaintiff thereupon having moved for a direction in his favor, the question became one of fact for the court.   From the evidence in the case we find no error, and think the judgment was properly rendered in favor of the plaintiff, and therefore should be affirmed, with costs.   All concur