(40 App. Div. 530.)

### L. E. WATERMAN CO. v. WATERMAN et al.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

**1.** ACTION—PLEADING—DEFECT OF PARTIES.

When a complaint alleges that the names and residences of certain persons alleged to have had unlawful dealings with defendant "are at present unknown to the plaintiff, and plaintiff asks that they be joined as defendants herein when discovered," it is not demurrable for want of such parties.

**2.** SAME—JOINDER OF CAUSES.

A complaint alleging that plaintiff had an agreement with customers, to whom it sold a manufactured article, that such article should be resold at not less than a certain price, and that defendant, knowing of such agreement, induced several of such customers to sell quantities of such articles to him at different times, states but one cause of action.

**3.** APPEAL—OBJECTIONS WAIVED.

An objection that a complaint does not state a cause of action cannot be considered on appeal, where the complaint was not demurred to on that ground.

Appeal from special term, New York county.

Suit by the L. E. Waterman Company against Arthur A. Waterman and another. From an order overruling a demurrer to the complaint, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

Daniel Nason, for appellants.

Charles M. Demond, for respondent.

McLAUGHLIN, J. The complaint in this action alleged, in substance, that for a number of years the plaintiff had been selling fountain pens manufactured by it under certain letters patent, to its customers, under an agreement that they were not to sell the pens purchased by them at less than the price fixed by the plaintiff, unless. such customers should first give notice to the plaintiff of their desire so to do, and that in such case the plaintiff should have the first option to buy back all of such pens at cost price; that the plaintiff has over 4,000 customers in the United States, of which over 1,000 reside in the state of New York; that the defendants, without having been authorized by the plaintiff, and with knowledge of the agreement between the plaintiff and its customers, purchased or surreptitiously obtained from some of such customers quantities of the pens

at less than the prices fixed in their agreements with the plaintiff by "inducing such customers of the plaintiff to break and violate their said agreement"; that the names of the customers who have thus violated their agreements are at present unknown to the plaintiff, and plaintiff asks that they be joined as defendants when discovered, in case they shall be within the jurisdiction of the court; that the defendants are selling and offering for sale the fountain pens so obtained by them at less than the prices fixed, to the plaintiff's damage. The judgment demanded is that the defendants be enjoined and restrained from selling and disposing of the pens manufactured by the plaintiff for less than the established list prices, and from hereafter purchasing the same from any of the plaintiff's customers at less than the list prices; that the defendants return to the plaintiff the pens now in their custody and control; and that the plaintiff also have judgment for the damages sustained. The defendants demurred to the complaint on the ground (1) that there was a defect of parties defendant, and (2) that causes of action had been improperly united. The demurrer was overruled, and the defendants have appealed.

We think the demurrer was properly overruled. As to the first ground named,—that there is a defect of parties defendant,—the allegation of the complaint is "that the names and residences of such customers are at present unknown to the plaintiff, and plaintiff asks that they be joined as defendants herein, when discovered, in case they shall be within the jurisdiction of this court." If the allegation of the complaint in this respect be true,—and in determining this question it must be assumed that it is,—then the plaintiff could not make such persons defendants. The defendants, however, by their answer, can set out the names of the parties whom they claim should be made defendants, and then they can be brought in by an amended complaint. There is no other way in which the plaintiff can make them parties. The law does not require an impossibility, neither does it require a plaintiff to make an unknown person a defendant. Earle v. Scott, 50 How. Prac. 506. The demurrer was also properly overruled on the other ground,—that causes of action had been improperly united. The plaintiff bases its right to maintain the action upon the fact that the defendants, knowing of the existence of the contracts which the plaintiff has with its customers, has induced them to violate the same for the purpose of injuring plaintiff's business. But one cause of action is alleged. If several customers have, by reason of the acts of the defendants, been induced to violate their contracts, or if, through their acts, one customer has been induced to make different sales in violation of his contract, the proof of these facts would simply tend to establish the one cause of action upon which the plaintiff predicates its right to recover, viz. knowingly inducing customers to violate their contracts, to plaintiff's damage.

It is suggested by the appellants in the brief filed that the complaint does not state a cause of action. A sufficient answer to this suggestion is that the defendants did not demur upon that ground, and the question is therefore not before the court for determination, and we do not consider it.

It follows that the judgment appealed from is right, and must be affirmed, with costs, with leave, however, to defendants within 20 days after entry and notice of the affirmance of the judgment to withdraw the demurrer, and interpose an answer to the complaint on payment of the costs in this court and the court below. All concur.