### REYNOLDS *vs.* MOORE.

In an action against the *collector* of a school district for taking property in obedience to a warrant of trustees for the collection of a tax, it is not competent to the plaintiff to shew that the forms prescribed by the statute in organizing the district, or in the subsequent proceedings, had not been complied with, and it was accordingly *held*, that evidence that the notice required by law on the alteration of a school district to be given to trustees had not been given, was inadmissible.

A collector of a school district, obtaining judgment in a suit against him for acts done in his official character, is entitled to *double costs*.

ERROR from the Orange common pleas. Reynolds sued Moore in *trespass* for taking a yoke of cattle. Moore justified the taking as *collector* of a school district, under a warrant issued by trustees for levying of a school district tax. The district was formed in March, 1828, from four districts; two in *Walkill* and two in *Crawford;* the record of its formation particularly described the lands of *several persons* as included within its bounds. The plaintiff offered to prove that the trustees of one of the districts in *Walkill,* from which the district in question was in part formed, did not consent to such formation, and that the notice required by law to be given in cases of the alteration of a school district had not been given by the commissioners to such trustees; that the only notice given to them was a notice that their district had been altered, by setting off an individual from the district into the new district formed from the four districts, and that the alteration would take effect in three months from the service of the notice, which evidence was objected to by the defendant and overruled by the court. The plaintiff also offered to prove the non-compliance, with several other provisions of the statute relative to schools, on the occasion of the formation of the new district, which evidence was also objected to and overruled. The plaintiff excepted to the decisions of the court, and submitted to a non-suit. The C. P. awarded double costs to the defendant. The plaintiff sued out a writ of error.

*J. R. Vanduzer,* for plaintiff in error.

*C. P. Kirkland & J. A. Spencer,* for defendant in error.

*By the Court,* SUTHERLAND, J.   The new district was a district *de facto.*   It had organized, chosen its officers, levied a tax, and a warrant had been issued for its collection. The trustees who issued the warrant were officers *de facto,* and the warrant was regular upon the face of it.   This is sufficient to protect the officer.   Whether all the forms prescribed by the statute in organizing the district, or in its subsequent proceedings, had been complied with, is not a matter to be inquired into between these parties.   This is fully established by the cases of *Savacool* v. *Bonghton,* 5 *Wend.* 170 ; *Wilcox* v. *Smith,* 5 *id.* 231 ; and *McCoy* v. *Curtice,* *ante, p.* 17, and the authorities there referred to.   The fallacy of the plaintiff's argument, I apprehend, is this : He supposes that the evidence offered by him would have established the fact that there was no such district as the one in question ; whereas, in truth, it would only have shewn an irregularity or informality in the organization of the district ; that there was such a district formed and duly recorded, was proved.

The defendant was entitled to *double costs.*   He is an officer within the meaning of the statute.   2 *R. S.* 617, § 24.

Judgment affirmed.