ALBANY,
Oct. 1834.

Brewster
v.
Colwell.

---

Brewster <em>vs.</em> Colwell and others.

It is competent to the *trustees of a common school district* to become the *endorsees* of a promissory note, and to *set off* the same in an action or assumpsit against them; until the note, is impeached, or suspicion cast upon the transaction, the trustees are under no obligation to show how they came by the note.

Error from the Jefferson common pleas. Brewster sued Colwell and two others, trustees of a *school district*, in a justice's court, and claimed to recover an account for wood furnished the school. The defendants set off a *due-bill* given by the plaintiff, payable to O. & C. Colwell or *bearer*, transferred by the payees to the defendants in this suit. It was objected, on the part of the plaintiff, that the defendants, *as trustees of a school district*, had no authority to purchase choses in action, and that it was incumbent on them affirmatively to show that they came by the due-bill in the regular discharge of the duties of their office. The justice overruled the objection and received the due-bill in evidence, and the amount thereof exceeding the demand of the plaintiff, he rendered judgment for the defendants for the balance found in their favor. The common pleas of Jefferson, on *certiorari*, affirmed the judgment of the justice, and the plaintiff sued out a writ of error.

*J. G. Watson*, for the plaintiff in error.

*P. J. Keys*, for defendant in error.

*By the Court*, SAVAGE, Ch. J. The plaintiff in error insists that the trustees of a school district could not become the *endorsees* of a promissory note. The trustees are a corporation for certain purposes; they may do sundry acts which involve to some extent the transaction of monied concerns. They no doubt may receive, for money due to them, the note of a third person. Until the note was impeached, or some defence made against it, they were under no obligation to show how they came by it. The courts below decided correctly, and the judgment of the common pleas must be affirmed.

Judgment affirmed.