By the Court, Nelson, Ch. J.
We have already decided that the plaintiffs cannot maintain a suit in their official name or title; but must use their individual names, annexing their official title. (Supervisor of Galway v. Stimson, 4 Hill, 136.) The plaintiffs were therefore properly nonsuited, and the judgment must be affirmed.
But as it may be important to the ultimate disposition of the question between the parties, and save further litigation, we will express our opinion upon the other question raised, to wit, *217 whether the note taken by the commissioners for money lent is valid and collectable.
Commissioners of highways are authorized to prosecute for the recovery of penalties for encroachments on highways ; (1 R. S. 521, § 136, 2d ed.;) and are, of course, competent to adjust controversies in relation to such encroachments by amicable settlement. If, in so doing, they deem it advisable, in the exercise of a sound discretion, to take security for the payment of money at a future day, I can perceive no reasonable objection to such an arrangement. Their implied authority to settle the claim, affords, of necessity, some latitude in fixing upon the terms. They may certainly exercise their discretion in respect to the sum demanded; and why not, also, as to the time of payment and kind of security 1 It may frequently be for the interest of the town which the commissioners represent, that an amicable settlement should be made; and even after judgment recovered for the penalties, there may be cases in which prudence would dictate an extension of the time of payment on obtaining satisfactory security. The commissioners should act in the matter as prudent men would act, under similar circumstances, in their individual concerns ; and so long as they keep within the scope of their powers, I see no reason why they should not be indulged- in the exercise of a discretion which will enable them so to act.
The power of commissioners of highways to loan moneys in their hands, and to enforce the collection of securities taken therefor, is fairly derivable from their general powers and duties. They are at times in the possession of large sums of money belonging to the public. In addition to penalties which they are directed to collect, unexpended commutation moneys and funds raised for the purpose of erecting and repairing bridges are paid over to them. (1 R. S. 509, § 54, 2d ed.; id. 520, § 123.) They have the control and management of these funds, and are to expend them from time to time as the public exigencies may require. If they should deposit them for safe keeping with third persons, or should even invest them, when not immediately required, upon unquestionable security, so as to realize-the inter *218 est, can it be doubted that the person receiving the money would be legally liable for its repayment 1 The commissioners may be individually responsible to the town for the proper application of funds placed in their hands for public pmposes; but I am unable to perceive any such illegality in the disposition of them in the manner suggested, if the commissioners "choose to take the risk upon themselves, as will invalidate the security upon that ground and prevent a recovery in default of payment. To sustain such a defence, it must be made to appear that the act of lending was in violation of public policy or the provisions of some statute. (State of New-York v. The City of Buffalo, 2 Hill, 434, 438, 9.) The mere absence of an express authority to loan affords no ground to the borrower for repudiating the payment.
It was held in Brewster v. Colwell, (13 Wend. 28,) that trustees of common schools might become the endorsees of a promissory note, and set it off in a suit against them. The court observed: “ The trustees are a corporation for certain purposes ; they may do sundry acts which involve to some extent the transaction of monied concerns. They, no doubt, may receive, for money due to them, the note of a third person. Until the note was impeached, or some defence made against it, they were under no obligation to show how they came by it.” The same remarks are applicable to commissioners of highways. They are engaged in various public concerns involving considerable moneyed transactions—such as building and repairing bridges, roads <fcc.—which may lead to extensive and multifarious contracts and other business operations. .
I am satisfied, therefore, if the action had been properly brought, that the plaintiffs would have been entitled to recover.
Judgment affirmed.