Fister *v.* La Rue.

MARY FISTER, by her guardian, &c. *vs.* JOSEPH LA RUE and others, trustees of school district No. 6 in Mount Morris.

Where a person is employed for a corporation, by one assuming to act in its behalf, and renders services according to the agreement, with the knowledge of its officers and without objection on their part and notice that the contract is not recognized, such corporation will be held to have sanctioned the contract and will be compelled to pay for the services according to the agreement.

Having availed itself of the services, it will not be allowed to say that the original agreement was not made by a person legally authorized to contract.

But where the contract is still executory, and nothing has been done under it, and the action is to recover damages merely for non-performance, it is for the plaintiff to show a legal contract, binding upon the corporation.

The law raises the same presumptions against corporations, in such cases, as against natural persons.

Where a teacher was employed to teach a district school, by one of the trustees after consulting with the others separately, and she taught pursuant to her engagement, with the knowledge of the trustees and without objection on their part; *Held*, in an action for her wages, that they could not allege she was not legally employed.

APPEAL, by the plaintiff, from a judgment of the Livingston county court. The facts appear sufficiently in the opinion of the court.

*H. C. Walker*, for the appellant.

*Geo. Hastings*, for the respondents.

*By the Court*, JOHNSON, J. The action was brought in a justice's court, for the plaintiff's wages as a school teacher. The plaintiff was employed by one of the trustees only, after consulting the others separately and obtaining their permission, to teach the district school for six weeks. She taught the full time, according to her agreement. All three of the trustees sent children to the school, as did the district generally. The defense was a denial of the services, and payment. The jury found a verdict in favor of the plaintiff, for $12, the contract price for the services, and judgment was rendered therefor, with costs. The county court reversed the judgment of the justice, as appears from the return, upon two grounds : 1. That it did not appear from the justice's return that the defendants had employed the plaintiff to teach, at a legal meeting of all their number for that purpose, or at a meeting of a majority of the defendants after notice to all ; 2. That the action should have been brought by the plaintiff's father, who was entitled to her earnings.

The first ground assumed by the county court is clearly erroneous. No such proof was necessary, in a case like this, where the action is brought upon an executed contract, to recover for the services rendered under it. It is well settled, at least in this country, that where a person is employed for a corporation, by one assuming to act in its behalf, and goes on and renders the services according to the agreement, with the knowledge of its officers, and without notice that the contract is not recognized as valid and binding, such corporation will be held to have sanctioned and ratified the contract, and be compelled to pay for the services, according to the agreement. Having availed itself

Fister *v.* La Rue.

of the services and received the benefits, it is bound in conscience to pay, and will not be heard to say that the original agreement was not made by a person legally authorized to contract. (*Ang. & Ames on Corp.* 216, 218, *ch.* 8, § 8, *and cases there cited.*)

Where the contract is still executory, and nothing has been done under it, and the action is to recover damages merely for non-performance, it is for the plaintiff to show a legal contract, binding upon the corporation. But this is not that case. The services here have all been rendered in pursuance of the agreement, with the assent, or at least without notice to the plaintiff of the dissent, of the other trustees, and it would be intolerable now to deprive her of her compensation. The law raises the same presumptions against corporations in such cases, as against natural persons.

In regard to the second ground of reversal, there is not a word of evidence to show that the plaintiff was not entitled to her wages in her own right. It does not appear what her age was, or whether she had any parents living. It is true she prosecuted by her guardian, but no such defense was interposed or suggested before the justice. Had the question been raised there, it might have been met and obviated by proof. Not having been raised there, the county court had no right to reverse on that ground.

The principal question of fact controverted before the justice, seems to have been the defense of payment, and that was conclusively settled by the verdict of the jury.

The judgment of the county court must therefore be reversed, and that of the justice affirmed.

[CAYUGA GENERAL TERM, June 6, 1853. Wells, Johnson and T. R. Strong, Justices.]