Horton *v.* Garrison.

---

HORTON *vs.* GARRISON and HOFFMAN.

The trustees of a school district are a *quasi* corporation, possessing power in certain cases, and for certain purposes, to bind their district and create a corporate liability which will attach to their successors in their official capacity.

They therefore have the power to bind the district, by giving a promissory note signed by them as trustees, to a teacher, for wages earned by him as such, in the employment of the district.

And where a note thus made, expresses on its face that it is given on account of the wages of the payee, as teacher in the school district of which the makers of the note are trustees, this is a description of the consideration, which the payee, by accepting the note, admits to be true. The makers, therefore, cannot be held personally liable upon the note.

The rule that when an authority is to be exercised by several officers, they must all concur in its exercise, or all meet and consult and a majority agree to the act, is subject to the qualification that if one is notified to attend, and refuses, it is the same as if he had attended and dissented to the act of the majority.

THIS was an action brought to recover the amount due on an instrument in writing, in the words and figures following :

" Sixty days after date, we promise to pay Joshua J. Horton, or order, sixty-six dollars and twenty-eight cents for value received, for and on account of his wages, as teacher in school district No. 4, for teaching up to this date.

August 21, 1849.     JOHN GARRISON,  } Trustees."
                     WILLIAM HOFFMAN, }

The defendant Hoffman put in no answer ; the defendant Garrison answered the complaint. The action was, by consent, duly referred to Hon. Thomas McKissock, as sole referee, to hear and

Horton *v.* Garrison.

determine the same, who reported that the defendants made the instrument in writing or promissory note described in the complaint; that it was signed by the defendants with the affix "trustees," opposite their names; that it was given to the plaintiff for his wages as a teacher of district No. 4, of which district the defendants were, at the time of giving the note, and at the time of earning such wages, two of the trustees; and he found that the other trustee was notified of the meeting at which said note was given, and did not attend; and that the defendant John Garrison, after the note became due, made two payments thereon, and that one of them was made after he ceased to be a trustee; and that at the time this action was brought, neither of the defendants was trustee of said district. The referee further reported that there was no evidence before him whether the defendants had or had not authority to give said note for the district. And he found there was due, from the defendants to the plaintiff, on the said note, the sum of sixty-six dollars and seventy-three cents, for which sum he ordered judgment, with costs. Judgment being entered accordingly, the defendants excepted and appealed therefrom.

*J. H. Ferris,* for the appellants.

*S. W. Fullerton,* for the respondent.

EMOTT, J. It is well settled that when individuals acting as agents, trustees or other proper representatives of a corporation, execute a note or other contract in behalf of the corporation, as a note for the payment of its precedent debt, or an executory agreement within the scope of its business, describing themselves as its agents and having in fact authority to make the contract in question, and where these facts are known to the other party, the note or agreement is the contract of the corporate body, and not of the persons signing it, individually. (*Brockway* v. *Allen,* 17 *Wend.* 40. *Randal* v. *Van Vechten,* 19 *John.* 60.) The trustees of a school district are a *quasi* corporation, possessing power in certain cases and for certain pur-

poses to bind their district and create a corporate liability which will attach to their· successors in their official capacity. I see no reason to doubt that a promissory note made to a teacher, for wages earned in the employment of the district is within the scope of this power. It has been held that these officers may bind the succeeding trustees of the district by a contract for the hiring and payment of a teacher, and even for the building of a school house, and indeed in every case which does not require a special tax and appropriation of funds by the inhabitants before the officers of the district are authorized to incur the expenditures. (*Silver* v. *Cummings and others,* 7 *Wend.* 181. *Williams* v. *Keech and others,* 4 *Hill,* 168.) I can see no difference in principle between those cases and the present. Indeed we are not required to go so far here ; for this was not the creation of a debt for any purpose. That was already incurred by the employment and services of the plaintiff. The making this note was rather the liquidation or recognition of an existing indebtedness, of a character which it has been expressly held the trustees have power to create. (*Fister* v. *La Rue,* 15 *Barb.* 323.) The note in question here was made by the defendants in the court below, in payment of the plaintiff's wages for teaching in school district No. 4, in Philipstown, in Putnam county, and was signed by them, adding "trustees" to their names. It expressly states the fact that it was made for that purpose, and from the terms of the note and the facts proved and admitted on the trial, it is obvious that the plaintiff, who was the teacher' for whose wages it was given, knew that the defendants made the note, intending·to bind the district or its officers to pay the debt due to him from the district. The referee must have held the defendants personally liable on the ground of a want of authority to make this note, and, I infer, because of an original incapacity on their part, acting as trustees, to make such a paper. In this I think he erred, for the reasons already given. Another possible objection to the note in question, that it was signed by only two trustees, is obviated by the admission at the trial that the other trustee was duly notified to attend the meeting at which the note was made, and

declined or omitted to do so. The rule of the common law, which is now declared by statute. (2 *R. S.* 555, § 27,) that when an authority is to be exercised by more than one officer, they must all concur in its exercise, or all meet and consult, and a majority agree to the act, is subject to the necessary qualification that if one is notified to attend and refuses, it is the same as if he had attended and dissented from the act of the majority. (*McCoy* v. *Curtice,* 9 *Wend.* 17.)

I think the defendants intended to contract for the district as trustees, and had the power to make this note as such, and that these facts were known to the plaintiff, and therefore the note declared on is the note of the trustees of the district and not of these defendants as individuals. The judgment must be reversed, and a new trial at the circuit ordered, costs to abide the event.

BROWN, P. J., concurred.

S. B. STRONG, J. The note on which this suit was instituted was given to the teacher of a district school, for his wages, by the trustees of the district. It is so stated on the face of the note, and that was sufficient to show for what it was given, and the capacity in which the makers acted. It was for a demand for which the makers were not personally responsible, and if they are to be considered as individual promisors it was without consideration. A want of consideration is an available defense in an action between the original parties, if known to the payee when he takes the note.

A relinquishment of the liability of the district, and possibly a suspension of the right to prosecute, for a time, might constitute a valid consideration. But taking a promissory note from the trustees was not a payment by the district ; and if, as the plaintiff claims, the trustees had no authority to execute it in behalf of the district, there was no actual suspension of the right of action.

The word "trustees," if there had been nothing else, might have been considered as a *descriptio personarum,* but in this

The People *v.* City of Brooklyn.

instance the body of the note contained a statement that it was for and on account of the plaintiff's wages as a teacher in school district No. 4, for teaching, up to its date. That was a description of the consideration, which the plaintiff, by his acceptance of the note, admitted to be true.

There can be no doubt but that the trustees can bind their district by their employment of a teacher, and a promise to pay his wages. A verbal promise made after the performance of the service, would also be obligatory upon the district. And I can see no reason why the reduction of the promise to writing, although it might be in the form of a promissory note, should render it less efficacious.

The judgment should be reversed, and the complaint should be dismissed.

[KINGS GENERAL TERM, October 15, 1856. *Brown, S. B. Strong* and *Emott*, Justices.