McCunn, J.
In this case, I think there is but a sir/gle question for us to pass upon, and that is, “ Was the notice given on the 10th day of Xovember, 1860, signed E. Sturgis, President, and the action of the board bringing such notice into existence, such as the law contemplates, and such as would enable the penalty mentioned, in the act of 1860, to attach ?” And in order to ascertain this, it is necessary to examine the several acts passed in relation to the board of pilot commissioners.
The language of the act, section 2, is as follows : “ The Board of Commissioners of Pilots shall notify the person or persons building, erecting or maintaining the same, within a time to be prescribed and specified in the notice.”
And the same section, at another place, provides that such person or persons shall also pay a fine of $25 a day for each and every day during which such obstructions shall remain after such notice. The plaintiff, after putting in evidence the act creating said board, and the several acts passed subsequently in relation thereto, together with the act imposing the penalty^ and giving evidence showing that said structure had been erected outside the pier line, and proving the service of the notice, per *377 sonally, rested his case. The defendant’s counsel thereupon moved for, and obtained, a dismissal of the complaint upon the following grounds :
1. That the order directing the crib or structure to be removed was not in writing, entered in the minutes of the board, of commissioners, and was invalid.
2. That the time within which the removal should be made was not fixed or prescribed by the said board.
3. That there was no adjudication by said board prior to the notice given by the president, and after the obstruction was there, which set the statute in operation.
4. That the notice served upon the defendant was not the act of the board.
For the purpose of determining whether all or any of the grounds taken by the defendant’s counsel are good and valid, it may be necessary to examine at some length what duties are imposed upon said board of commissioners by the act creating them, in connection with the law which confers jurisdiction upon them in this case.
Section 8, of the act passed June 25, 1853, imposes on the commissioners the duty of requiring their secretary in person, or by deputy, not only to be in daily attendance at their office on all ordinary business days, during reasonable office hours, but he shall keep a proper book, or books, in which shall be written by him all the rules and regulations made by them, and all their official transactions and proceedings, and whatever else may be deemed by them proper and useful and immediately pertaining to their duties, or to the pilot service.
It may be said that the alternative conjunction, “ or,” as used here, would permit them the exercise of the alternative of compelling him to enter in said book or books, either, all their official transactions and proceedings, and whatever else may be deemed by them proper and useful, and immediately pertaining to their duties, or to the pilot service ; this would simply be absurd, and the word “ or” has been improperly used for the absolute conjunction “ and,” and he is, therefore, compelled to enter all the proceedings of their official trans *378 actions, &c., &c., and also all that thrqugh them pertains to the pilot service. The 'entire sentence must be taken as absolutely conjunctive. To permit the exercise of such a discretion would defeat the entire act.
It clearly was intended that whatever duties section 2, of' the act of 1860, imposed upon the board, should be performed by them in conformity with the act creating said board, and under which they perform all their ministerial and judicial duties. For instance, if the legislature was to take away from one court a certain class of cases over which it'had exclusive jurisdiction and confer such jurisdiction upon another tribunal, and there stopped without providing how such duties should be performed, certainly, in the absence of such provision, the duty so imposed would have to be performed by the tribunal upon whom the new jurisdiction was conferred, according to the rules and practice existing in said court before such duties were imposed.
It cannot be reasonably contended that the giving effect to a statute which entitles this board to prosecute to judgment, and thus deprive an individual of his property under a penal act, is not an “official transaction and proceeding.” And section 25 of said law provides : “ That before any person shall be proceeded against, on any complaint, such person shall be notified in writing, signed by the secretary, and requesting him to appear before said commissioners, specifying the nature and substance of such complaint; and that said notice should be served personally, at least five days before the time fixed for appearance.” The commissioners have a right to postpone and adjourn such hearing; and this section goes further, and says, that the proof of such service of notice “ shall only be prima facie, but not conclusive evidence of his liability to pay such fine or penalty.” And the 26th section gives the commissioner power to issue subpoenas, and subjects the parties, disobeying such subpoenas to the fines and penalties of witnesses in civil suits at law. The board thus created and constituted must, in all its proceedings, strictly comply with the acts relating to it, and cannot, at informal meetings, and in a *379 loose manner, mulct a person in a penalty. On the contrary, they must hold formal meetings of the hoard; that such meetings must be regularly convened; and that minutes of such meetings must be kept, and entered in their books.
It is quite clear, to my mind, that the members of the board themselves, when acting upon the subject of this crib, deemed it necessary to hold sessions, and keep regular minutes of the proceedings, because we find Mr. Nash, the clerk, or secretary of the board, testified “ that a resolution was offered and passed, to watch a proceeding introduced in the board of councilmen, allowing Mr. Vanderbilt to erect the pier in question, and then and there passed a resolution, and entered the same fully upon their minutes, to instruct their counsel, if the resolution passed the board of councilmen, to resist the building of said pier.” That other resolutions were passed by the board at different times, about matters connected with this pier or crib, but he says that he never drew or entered any resolution of the board about notifying Mr. Vanderbilt in regard to the removal of the crib, and further that there is no such entry in the book of minutes, so that we find formal meetings of the board of commissioners, and the entry of the same in their minutes about other matters connected with this dock, but no entry whatever about this notice; nor can I find, from the testimony, that any regular session of the board took place in regard to the removal of this crib, or the notice to remove the same ; nor can I find that the board, at any of its sessions, nor in any manner whatever, prescribed or fixed a time for its removal.
Now, of all other resolutions to be passed or entered by the board of commissioners in their minutes, the one that by virtue of its own force and power attaches a penalty,"and through and by virtue of which they seek to deprive a person of his' .property, is the most important, and, to my mind, the resolution of all others that should have been passed by the board, at their regular meeting, and entered at length upon their minutes. Indeed, it is only through a resolution passed by their board, regularly organized, and fixing and prescribing the time *380 of the removal and the form of' notice, and entered fully upon the minutes of its session, and after all this, the proper service of such resolution, and notice upon the defendant in this case, can they seek to enforce this penalty ?
They must pursue the strict letter of the statute before they can impose a penalty, or deprive a person of his property.
Statutes, penal in their nature, must be strictly construed. (3 Comst. 405. Culver v. Haydn, 1 Ver. Rep. 359. Spear v. Dietz, 9 id. 382. And Adriance v. McCafferty, ante, p. 153.)
The power to prescribe the time to be specified in the notice, is vested in the board- of pilot commissioners, exclusively; it involves the exercise of a judicial discretion, which cannot be delegated.
If a statute confers certain powers upon certain officers, created under such statute, such powers cannot be delegated by such officers.
A statute always limits the powers it confers, and a strict compliance must always be’accorded to such statute. (Shankland v. The Corporation of Washington, 5 Peters, 593.) So with the Board of Commissioners of Pilots, certain powers are conferred upon them, which they cannot delegate.
I am clearly of opinion that the board failed to perform the acts necessary to subject the defendant to the penalty claimed. The notice was not the notice of the board, in proper form, but the notice of an individual; and the fact of his adding “president” to his name gives it no more virtue than it would have without such appendage.
The notice must be a notice from the Board of Commissioners of Pilots, and it should show on its face that it was such a notice.
The notice in question is signed by “ E. Sturges, President.” President of what ? It is not signed by order of the board,' nor is there any thing on its face to show it emanated from the board ; it is to all appearance the act of an individual.
In the case of Mygatt v. The Supervisors of Chenango Co., (1 Kern. 563,) it was held that one of a board of assessors *381 could not make the assessment.; the assessment should he made by the board. (Powell v. Tuttle, 3 Comst. 396.) It was held, in the case of Horton v. Garrison, (23 Barb. 179,) that where an authority is to be exercised by several of a firm, they must all concur or meet and consent, and majority agree to the act.
It is a well settled principle of law, that in the exercise of public as well as private authority, either ministerial or judicial, all persons to whom such power is given must act together. In answer to the points urged by the counsel for the plaintiffs, that this structure was a nuisance per se, and that the plaintiffs had a right, consequently, to remove the same, I would simply say, that the rule of law laid down in the case of Rogers v. Baker, in 31st Barb, that the rights of property of every description are qualified and restricted by the well settled rule that they shall be so exercised as not to injure others, but in cases of great and imminent danger and emergency ; and the fact that they are injurious to others, must be first established by the usual and customary proceedings of a trial in a competent tribunal, before they can be taken away or destroyed. Even if the board had the right to exercise this power, it must be exercised in subordination to the judicial authority of the statute, and before this board could proceed to remove the obstructions, they would be first compelled to call together the board, and upon the proper proof adjudicate upon the same, and thus should state in the adjudication, most specifically, what the nuisance is.
The exceptions must be overruled, and judgment directed to be entered, dismissing the complaint.
Moncrief, J. The right to take private property, in any form, without the consent of the owner, is a high prerogative of sovereignty which no person, either individual or corporation, can exercise without an express graph
Every statute derogatory to the rights of property, or that takes away the estate of a citizen ought to be construed strictly; a corporation created, or a grantee of a power conferred, by statute, is strictly limited to the exercise of those powers which *382 are specially conferred upon.it or him. (7 Hill, 433. 4 Peters, 152.)
Section 1 of the act in question prescribes and limits the time for removal of certain specified nuisances, and directs that the plaintiffs notify the owner, &c. to remove the same within three days after such notice.
The second section, under which the defendant is Sought to be charged, requires the Board of Commissioners of Pilots to notify the person or persons * * within a time to be prescribed and specified in their notice.” This provision plainly contemplated the presence and participation of the board of commissioners of pilots as a corporate body, in the official act committed to their several and united discretion and judgment, to determine in each instance not provided for in the first section what time should be fixed within which the removal should be made. It is well established that in the exercise of a public as well as private authority, whether it be ministerial or judicial, all the persons to whom it is committed must confer and act together, unless there be a provision that a less number may proceed. (Powell v. Tuttle, 3 Comst. 401. App. 1 Seld. 144.)
The plaintiffs were called upon formally and deliberately in the exercise of a fair, just, legal discretion, to affix and appoint a reasonable time within which the defendant should be required to remove the obstruction. If this were not so, the legislature would have specified a time, as in the first section,
This was a judicial act to be performed by them, for an error of judgment in which they are not responsible, and the execution or direction issuing after a proper adjudication and the service of notice and expiration of the time limited thereby, would be a justification to the person removing the obstruction. (14 E. L. and Eq. 145. 29 id. 131. 3 Term Rep. 380.) The latter is a ministerial or mechanical act and analogous to the serving of a notice, which could be performed by any stranger to the board.
The board never did determine or prescribe the time within which the defendant should remove the obstruction ; there was discussion, and it is said a unanimous action of the board to *383 notify the removal. This is not what the law demands or Avhat the alleged wrongdoer is entitled to ; there must he an adjudication by the board as a corporate body that a notice requiring the defendant to remove his obstruction within a certain specified time, should be given to him. How otherwise could they notify him to remove, &c. within a time to be prescribed and specified in their notice ? Unless they fixed and appointed the time, it would not be their notice. The power conferred upon the board could not be delegated. The legislature, it must be assumed, confided in the intelligence, prudence and integrity of the respective members of this body when the power was entrusted to them of summarily disposing of property or individual interests ; and it is quite enough tha such a body, although acting arbitrarily and without a previous hearing of the party to be affected thereby, are shielded by law for their proper acts under its sanction, without saying that they can delegate their power to one of their number or to a stranger. The public as well as those to be affected thereby are entitled to the best individual intelligence in discussing and the Avisest joint discretion in arriving at a conclusion upon each particular case coming before the board. (3 Comst. 401.) Whenever a statute gives a discretionary power to. any person, to be exercised by him upon his own opinion of certain facts, it is a sound rule of construction that the statute constitutes him the sole and exclusive judge of the existence of those facts. (20 Barb. 620. Hart v. Mayor of the city of Albany, 9 Wend. 594.) There is no suggestion in the statute as to the mode of ascertaining the “time” to be given to the owner—whether by ocular view by all, or by some of the commissioners reporting the facts, or by the inherent knowledge of the respective persons named as that body; it is clear that, by some means presumed not to be in possession of the law makers, these gentlemen, residents of this city, were expected to ascertain and determine and specify a limit for removal which should be reasonabble, just and proper. Again : the action, if any, of the board of commissioners, even if the power to prescribe and specify the time, could be delegated to another, rested wholly *384 upon tradition—the memory of the members present at its meetings. It was held in Meeker v. Van Rensselaer, (15 Wend. 399, affirmed in 18 id. 169,) that “ the Board of Health is a tribunal created by statute, clothed with large discretionary powers ; and being a public body, its acts should be proved by the highest and best evidence which the nature of the case admits of. Every proceeding of a judicial character must be in writing. It is not to be presumed that minutes of their proceedings are not kept by such a body, and that determinations which seriously affect the property of individuals were not reduced to writing, but rest in parol.” In the case of Van Wormer v. The City of Albany, (Id. 262,) the minutes of the board were incorporated with the proceedings of the corporation of which the board of health were members, &c. The plaintiffs were proven to have kept minutes of other transactions and proceedings, and there was no entry of any action whatever relating to a notice to be given to the defendant, or of a time being prescribed or specified or directed to be prescribed or specified for the removal of the obstruction in question. The conclusion of law upon such facts, must arise that none was made, directed or given, and it would be absurd to submit to a jury in the face of such entries, the question whether the statements of individual members constituted the action of the board. Suppose that after the alleged time of giving the supposed direction to the president, all the members of the board had departed this life, could it be proven by some one accidentally present at a meeting or who overheard the statements of members ?
Mere parol evidence of occurrences at meetings, but not entered upon the minutes of the proceedings of the board, and without any formal adoption of a course of action, was therefore not admissible to establish as a fact that the time was prescribed by it in the manner intended by the statute.
I therefore concur in holding that the proper steps were not taken judicially in the manner prescribed by the statute, to. compel the defendant to remove the supposed obstruction. I *385 do not deem it necessary, therefore, to discuss the other questions in the case.
Monell, J. also concurred in overruling the exceptions, and for judgment of dismissal of the complaint.(a)

 The above judgment was affirmed by the Court of Appeals. (See 31 N. T. Rep. 265.)