ANDREW L. DE WOLF, RESPONDENT, *v.* JOHN WATTERSON, AS SOLE TRUSTEE OF SCHOOL DISTRICT No. 8, IN THE TOWNS OF ALEXANDRIA AND ORLEANS, APPELLANT.

*Trustee of school district — when a* de facto *trustee may employ a teacher — power of the trustee to purchase supplies.*

Where one acting as a *de facto* trustee of a school district employs a qualified person to act as teacher, and agrees to pay for her services a sum equal to the teacher's board and lodging and one dollar and seventy-five cents per week, and such person acts as such teacher and renders the services required by the contract, and the validity of the trustee's action is recognized by the inhabitants of the district, the validity of his election cannot be challenged, and his authority to make the contract denied, in an action brought against his successor to recover the price agreed to be paid for the services actually rendered.

Where there is no school-house in the district and the trustee furnishes a room in a building owned by him, he may properly be allowed to recover the cost of slight alterations made to render the room suited to the purposes to which it is to be applied.

APPEAL from a judgment of the Jefferson County Court, entered upon a decision made by that court, after a trial without a jury.

For several years prior to November, 1880, school district No. 8, in the towns of Alexandria and Orleans, Jefferson county was, and still is, a duly constituted and existing school district. No school had been taught in such district for upwards of three years prior to November, 1880. At that time a special school meeting was held for the purpose, among others, of electing a trustee, and one Henry Knell was elected sole trustee of said school district, who accepted such office and discharged the duties thereof for the ensuing year.

During the year 1881 there was no school building erected for school purposes in said district. In March, 1881, said Knell, as such trustee, made a contract with one Agnes Moore, who was at the time a duly qualified teacher, whereby he, as such trustee, agreed to pay her one dollar and seventy-five cents per week and furnish her with board and lodging at some convenient place in the district.

For the purpose of maintaining such school said Knell prepared a portion of his dwelling-house and arranged it for school purposes, at an expense of five dollars, and school was conducted therein by

Miss Moore during the term of twenty-four weeks and four days. Knell purchased a stove-pipe, zinc and blank-book for use in said school-room, and all were used therein, the value whereof was eleven dollars and fifty cents. All of said articles were necessary for the purpose of conducting a school in said district.

Knell procured the necessary fuel for heating the said school-room during the time school was taught there, at an expense of five dollars. The total amount of the indebtedness, as found by the court, is seventy dollars and sixty-four cents over and above the amount paid. The plaintiff is the owner of such claim and brought this action to collect the amount thereof.

*W. F. Ford*, for the appellant.

*C. W. Thompson*, for the respondent.

HARDIN, P. J. :

Knell was *de facto* trustee of defendant; he acted as trustee and no objection seems to have been made thereto by the school district during his term of office. All but two of the inhabitants in the district having children, patronized the school which Miss Moore kept, at the instance of Knell as trustee. The district took and appropriated the public moneys apportioned to the school district by reason of the school so kept. If there was an irregularity in the election of Knell as trustee, it was waived by the district and it is now too late for the district to dispute the acts of Knell as trustee for the district. (*Reynolds* v. *Moore*, 9 Wend., 35; *Myer* v. *Crispell*, 28 Barb., 54.) Defendant was a *quasi* corporation and the acts of Knell as trustee, within the scope of his powers, bound the corporation. (*Horton* v. *Garrison*, 23 Barb., 176; *Brewster* v. *Colwell*, 13 Wend., 28; *Fister* v. *La Rue*, 15 Barb., 323.)

In the latter case the distinction is clearly pointed out between contracts of employment of teachers, executory, and those which have been executed, and JOHNSON, J., says : " Having availed itself of the services and received the benefits, it is bound in conscience to pay and will not be heard to say that the original agreement was not made by a person legally authorized to contract," * * * " the law raises the same presumptions against corporations in such cases as against natural persons."

Under the contract brought in question here, it appears that Miss Moore taught twenty-four weeks and four days in the district, and that her school was recognized by the district in various ways. It is too late to question the contract under which the services were rendered. We think the contract for the services of the teacher, which was to the effect that the district pay her a sum equal to her board and lodging and one dollar and seventy-five cents per week in addition, was one which the trustee could make, and that after the district has had the benefit of its execution, it cannot successfully question its validity. (2 R. S. [7 ed.], 1167; *Wait v. Ray*, 67 N. Y., 36.) We think there was ample proof to show that the defendant was a corporation. There is no denial under oath of the existence of the corporation and therefore the plaintiff was not called upon to make proof thereof. (Code of Civil Procedure, § 1776.) Defendant alleged and proved that he was trustee of such corporation. It was also conceded at the trial that " the defendant John Watterson was elected trustee of school district No. 8 at the annual meeting in October, 1881 and 1882."

Section 50 (2 R. S., 1168) of the School Law, as amended by chapter 567 of the Laws of 1875, authorizes a trustee to hire a room temporarily " for the keeping of schools whenever it shall be necessary for the due accommodation of the children of the district." There was no school-house in the district in 1881, and the necessity for a room was apparent to the trustee, and he therefore was authorized to obtain a suitable room for the school. The proof shows that he did so, by furnishing one in his own premises in a discreet and proper way.

He made slight changes to render it suitable, and the evidence shows that his conduct in that regard was proper and for the interest of the district. The stove was bought for the district, and, under the circumstances, the same was necessary. He was authorized to furnish fuel, and the charge therefor was reasonable. (Sec. 49 of School Law, subdiv. 5, 2 R. S., 1167.) We think the trustees had authority to purchase a blank book for the use of the district. (Sec. 50 of School Law as amended in 1875.) The fact that the stove was put up in a room temporarily provided by the trustee for the use of the school, is no reason why the district should not pay for it.

The proof shows clearly it was bought for the district, used by it, and that it is now the owner of it, and entitled to have and dispose of it. The action was properly brought against the defendant as trustee of the district. (Code of Civil Procedure, § 1927.) The contracts were made by defendant's predecessor in his official capacity, and as we have endeavored to show "within the scope of his authority." We think the indebtedness for which the plaintiff recovered was that of the district, and one that it justly owes and ought to pay. We think the judgment of the County Court of Jefferson county should be affirmed.

No certificate is furnished under section 3244 of the Code of Civil Procedure. Whether or not the defendant can recover from the district any costs he may be obliged to pay, in virtue of section 1931 of the Code of Civil Procedure, is not now a question before us.

The judgment of the Jefferson County Court should be affirmed.

BOARDMAN and FOLLETT, JJ., concurred.

Judgment of the Jefferson County Court affirmed.