## City Court.

*Trial Term—June,* 1885.

### O'HARA *against* LAMSON & GOODNOW MANUFACTURING CO.

A corporation, unless restrained by statute, mey employ servants of any class necessary for the prosecution of the business, in the same manner as may be done by natural persons. Parol evidence is admissible to prove the official character of the persons who acted as defendant's officers. Effect of continuing employee after the expiration of the hiring, considered.

O'Hara *v.* Lamson & Goodnow Mfg. Co.

McADAM, Ch. J.—The answer admits that the plaintiff was employed by the defendant, and alleges that he was discharged for cause. The employment being admitted, we are left to inquire the duration of the employment, and whether the grounds of discharge were true. The jury having found against the defendant on both of these issues, their finding settles the fact that the plaintiff was employed by the year, and was wrongfully discharged before his term of service expired. The verdict is therefore conclusive on the defendant.

The rule is that a corporation, unless restrained by statute, may employ servants of any class necessary for the prosecution of its business, in the same manner as may be done by natural persons, and subject to the same liability (*Wood on Master and Servant*, § 37; *Field on Corp.* § 193). And when a person is employed by a corporation, by one assuming to act on its behalf, and renders services according to the agreement, with the knowledge of its officers, and without objection on their part, the corporation will be held to have sanctioned the contract, and will be compelled to pay for the services according to the agreement (Fister *v.* La Rue, 15 *Barb.* 323; Hooker *v.* Eagle Bank, 30 *N. Y.* 86). Parol evidence is admissible to prove the official character of persons who acted as defendant's officers, without producing the records of the corporation (Pusey *v.* N. J. R.R. Co., 14 *Abb. N. S.* 435).

The plaintiff was originally employed for one year by the manager of the New York office, and his services were continued by the assent of the corporation into the second and from thence into the third year, at a fixed yearly salary, and the law will presume (there being no evidence to the contrary) that the continued services were rendered on the same terms (*Wood, supra,* § 96).

There was sufficient evidence to warrant the verdict, and the motion for a new trial must be denied. No costs.