William W. Hammond, County Judge.
—The plaintiff is sole trustee of the school district, and defendant is a teacher, hired by plaintiff to teach the - district school.
The cause was tried by the justice without a jury, and the terms of the contract were contested before him ; and this court is bound by his findings upon lire disputed questions of fact; and upon the facts as found by him, it must be held, that the defendant was hired for more than twelve weeks, that he had discharged his duties properly, and no sufficient cause existed for his discharge.
When defendant had taught the school twelve weeks, the plaintiff, as trustee attempted to discharge defendant by giving him proper notice to quit, and leave the school, but defendant refused to quit, or give up the key to the school-house, and insisted upon continuing his school, in spite of the trustee ; and did so continue for a week thereafter, when plaintiff brought this action for a trespass to recover for the unlawful entry, and burning the wood belonging to the district.
The action is strictly one for the wrongful breaking and entry, and the burning of the fuel merely an *403 incident of the trespass and in aggravation of the damages.
It appears to me that the only real question presented by this appeal is whether the defendant was a trespasser under these circumstances.
The decision of this proposition involves the determination of the question of the power of the trustee to discharge the teacher before the expiration of his time, when he has a valid contract, and has in no way violated it.
It was substantially conceded on the argument, that, as between master and servant, or employer and employee, such power does exist, and in case of an unlawful discharge of the servant or employee his remedy is upon the contract for a violation of it; but that, as between school district trustee and teacher, it was claimed such right does not exist. •
After a careful examination of this question, I. see no reason for changing my impression upon the argument of the case, that there is no distinction or difference in principle, and that the same rule, as to the right and power to discharge a servant or employee before the expiration of his term, without proper cause, exists in the case of the trustee, and that he has the power to discharge a teacher at any time, and need not resort to acts of violence or force to effect such discharge.
He need not fasten up the house, nor throw the teacher out ; he may notify the teacher that he is discharged, and to close the school, and thereupon it is the duty of the teacher to desist from teaching in the district school-house and turn over the district property to the trustee, and rely upon his contract to enforce his rights in an action thereon for that purpose.
Upon an appeal by a teacher to the State superintendent, from the action of the trustees in discharging *404 him before the expiration of his term, reported at page 526 School Code of 1879, the superintendent says
“Until the. license is revoked, are the trustees' bound to retain a teacher obnoxious to the district % . . . The affirmative of this is a too popular fallacy. The admission of it would be a subversion of the principles already enunciated,, as pertaining to the essential nature of the contract. The decision as to the propriety of the act, and the power to perform it, rests with the trustees. For an abuse of their discretion, or an unwarrantable exercise of their authority they are of course responsible.”
In Morrow v. Ostrander, 13 Hun, 219, 220, the court says : “If the plaintiff (the teacher) entered into the contract with him (the trustee) in good faith, and was ready and willing to perform, on her part, the district is liable for the refusal of the defendant to permit her to teach the district school for the time agreed on.”
In Gildersleeve v. Board of Education, 17 Abb. Pr. 201, the court says: “The power to employ teachers necessarily implies the right to remove them.”
In People v. Board of Education, 3 Hun, 177, the court says: “The teachers employed in the public schools of the city do not hold a public office; they are simply employees of the trustees of the schools, in whose service they are engaged.”
Other cases bearing upon the question might be cited, but I think none holding in opposition to these views, but all recognizing, by implication at least, the existence of th & power and authority of the trustee to discharge the teacher; and it seems to me the wording of the statute itself very strongly implies this power. Subdivisions 6 and 9 of section 49 of title 7 of chapter 555 of Laws of 1864 as amended, reads as follows, defining the power of trustees :
*405 “ 6fch. To have the custody and safe-keeping of the district school house or houses, their sites and appurtenances . . . 9th. To contract with and employ all teachers in the district school or schools,” &c„
In view of tills language of the statute, it is difficult to see how the teacher can have the custody, control or possession of the district school-house, to the exclusion, and in defiance of the trustee. Counsel for the respondent cites Finch v. Cleveland, 10 Barb. 290, wherein the court says : “The trustees had no power to dismiss the teacher without cause, and against his consent, before the expiration of his contract.” But, in connection with this, the court also says in the same paragraph, “We are not aware of any law which vests the trustees of a school district with power at their own pleasure and without just cause to put an end to the contract of a teacher before the time limited for its expiration.” A careful consideration of this case will show that the first statement above quoted is defined in the last one, and simply means that the trustees cannot “ without just cause put an end to the contract” so as to prevent a teacher from enforcing his rights thereunder.
It will further appear that the action was one for conversion, brought by an inhabitant of the district against the collector and trustees, to recover for property which he claimed had been wrongfully levied upon by the collector and further, that the teacher taught the school for the whole length of the term with the consent of a majority of the trustees. I do not think the case analogous to the one at bar, or decisive of the questions here involved.
Fister v. La Rue, 15 Barb. 323, was where the teacher brought an action against the trustees upon an executed contract to recover for services performed by her in teaching the school for six weeks, where she was hired by only one trustee after consulting *406 with the others separately and obtaining their permission, all three of them sending their children to school, as did the district generally. Of course,-after she had fully executed her contract with the consent of the trustees, she was entitled to recover her pay upon her contract.
I have been unable to find any case where the facts were similar to the one at bar, where the teacher refused to be discharged, and the trustee was obliged to commence an action like this ; but I am fully convinced that no principle or precedent can be shown that will establish the right of the teacher to retain possession of the school-house and other district property to the exclusion, and in defiance of the trustee, after the teacher has been in fact discharged, so far as words can discharge him, and possession of the school-house demanded of him by the trustee.
Conceding all the facts in favor of the defendant, as claimed by him,—that his term of service had not expired according to his contract, and that he was properly qualified in all respects, and performed his services in a proper manner,—still it must be held, as matter of law, that he was discharged in fact, and after such discharge he was a trespasser, in persisting in using the house, and burning the fuel of the district in defiance of the rights and authority of the trustee, and the decision of the justice holding the contrary, must be reversed, with costs.