## JOHN F. BOWLER *vs.* THE BOARD OF IMMIGRATION.

### APPEAL FROM MR. JUSTICE McCULLY, SUSTAINING DEMURRER.

### JANUARY TERM, 1889.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

The written contract, sued upon in the first count in the complaint, was made between B. and H. of the one part and L. A. of the other part. The action was brought by B. alone :

Held bad on demurrer; there was nothing to show that this was not a joint contract, and joint contractors should join in the suit.

The contract was made with " L. A., Minister of the Interior and President of the Board of Immigration." The Board of Immigration was sued as defendant, *eo nomine:*

Held bad·on demurrer. The contract was not made with or authorized by the Board of Immigration.

If the second count, which purports to be independent of the written contract, be proceeded upon, it must come out in evidence that the oral agreement had ripened into a written contract. Being annexed to the complaint, it is brought to the notice of the Court on demurrer.

In the written contract the party of the second part agreed to pay a certain sum per capita for all passengers received on board the vessel :

Held, this was not a covenant to put the passengers on board the vessel.

Since the contract was made, the Legislature repealed the statute creating the Board of Immigration and enacted provisions for the appointment of a new Board, which is now made defendant:

Held, the liabilities of the old Board do not attach to the new, the statute not effecting this.

The Board of Immigration is not a corporation, though possessing some incidents of a corporation.

In a suit against the Board of Immigration, its members should be named.

OPINION OF THE COURT, BY JUDD, C.J.

The declaration in this case is as follows:

The plaintiff, John F. Bowler, of Honolulu, in the Island of Oahu, claims of the Board of Immigration the sum of nine thousand dollars for that on the 29th day of June, A. D. 1887, the plaintiff and the defendant agreed by charter party (a copy whereof is hereto appended and made part hereof) that the plaintiff should, in his bark called the Kalakaua, whereof C. H. Henderson was then and there master, within a reasonable time thereafter carry from the port of said Honolulu such South Sea Islanders (whom the defendant represented to be three hundred adults in number) as the defendant might place on board of said bark, to their respective homes in the South Pacific Ocean, and should furnish the necessary water and fuel therefor; all to be done under the supervision and to the satisfaction of such agent as the defendant might appoint, who should have a free passage in said bark to the South Sea, and return to said Honolulu; and that the defendant would pay to the plaintiff the sum of thirty dollars for each such South Sea Islander (except children under two years of age, who were to be free) received on board the said bark at said Honolulu, upon satisfactory proof of the faithful fulfillment by the plaintiff of his part of said agreement, and that the defendant would furnish all provisions for such people on their said contemplated journey home, and pay to the plaintiff the sum of ($2000) two thousand dollars when three days at sea on said contemplated voyage, the balance to be paid on receipt of such Government agent.

That the plaintiff thereafter, and within a reasonable time, prepared his said bark for such agreed voyage, and for the said carriage of said South Sea Islanders; and on the 12th day of July thereafter tendered said bark to the defendant for the purposes agreed upon as aforesaid, and was ready and willing to perform his part of said agreement, and had done all things necessary on his part to entitle him to have such South Sea Islanders placed on board of said bark by the defendant to be carried as aforesaid, but the defendant absolutely refused to place any of such South Sea Islanders on board of said bark, or otherwise to perform its part of said agreement, or to pay the plaintiff the moneys agreed to be paid to him as aforesaid, or any part thereof, to the plaintiff's damage the said sum of nine thousand dollars.

And the plaintiff also sues the defendant for the sum of nine thousand dollars for that on or about the 29th day of June, A. D. 1887, the plaintiff and defendant agreed together that the defendant would ship and place on board the said bark, the Kalakaua, in the port of said Honolulu, three hundred adult South Sea Islanders to be carried then on said bark to their respective homes in the South Pacific Ocean for the sum of nine thousand dollars, and the plaintiff was and ever has been ready and willing to perform his said agreement; but the defendant absolutely refused to carry out its part of said agreement, or to pay said sum or any part thereof, to the plaintiff's damage in the sum of nine thousand dollars.

Which said agreement the plaintiff says that the defendant was by the laws of this Kingdom authorized to make.

And the plaintiff says that said refusal on the part of the defendant was in contravention of his private rights under the law.

COPY OF EXHIBIT ANNEXED TO THE DECLARATION.

This Indenture made and entered into this twenty-ninth day of June, A. D. Eighteen Hundred and Eighty-seven, by and between John F. Bowler, owner, and C. H. Henderson, master,

respectively, of the barque Kalakaua, now lying in the port of Honolulu, parties of the first part, and Luther Aholo, His Hawaiian Majesty's Minister of the Interior and President of the Bureau of Immigration and his successors in office, party of the second part.

Witnesseth :

That for and in consideration of the covenants and agreements hereinafter mentioned to be paid, kept and performed by the party of the second part and his successors in office, the parties of the first part hereby agree to carry in the Hawaiian barque Kalakaua above mentioned from the port of Honolulu aforesaid such South Sea Islanders as the party of the second part may place on board the barque to their respective homes in the South Pacific Ocean, and will furnish the necessary water and fuel, all to be done under the supervision and to the satisfaction of such agent as the party of the second part may appoint, who shall have a free passage in the barque to the South Seas and return to Honolulu ; in consideration of the foregoing the party of the second part or his successors in office will pay or cause to be paid to the parties of the first part, or to their representatives, the sum of ($30) thirty dollars per capita (all children under two years of age free) for each and every South Sea Islander received on board the barque at Honolulu upon satisfactory proof of the faithful fulfillment of the terms of this contract, and will furnish all provisions for the people on their contemplated journey home ; and the party of the second part hereby agrees to pay to the parties of the first part the sum of two thousand dollars ($2000) when three days at sea, the balance to be paid on receipt of Government agent.

In witness of the above the parties hereto have placed their hands and seals the day and year first above written.

(Signed,)    LUTHER AHOLO,

H. H. M. Minister of Interior and President of the Bureau of Immigration.

(Signed,)    JOHN F. BOWLER,
            C. H. HENDERSON.

To this the Attorney-General, on behalf of the Board of Immigration, demurred. The Court below, Mr. Justice McCully, sustained the demurrer, and it now comes to us by appeal.

## BY THE COURT.

We find many reasons why the demurrer should be sustained:

1st. The written contract annexed to the declaration shows that Henderson, "master of the bark Kalakaua," was a party to to it, besides the plaintiff as owner, and there is nothing to show that this is not a joint contract. By the rules of pleading, joint contractors should join in the suits.

2d. The written contract is not that of the Board of Immigration. It is by L. Aholo, Minister of Interior and President of the Board of Immigration. It nowhere appears in the contract that the Board authorized or made the contract; it is not one of the contracting parties. It appears to be the contract of the Minister of the Interior, who describes himself as President of the Board of Immigration.

It is contended by plaintiff's counsel that the second count states a complete cause of action against the Board independent of the written contract. We find that the second count does refer to the first, for the description of the vessel in the second is in these words: "his said bark the Kalakaua." If the plaintiff should proceed to trial, it must come out in evidence that the oral agreement had ripened into a written contract, and the plaintiff would have to abandon the second count. The written contract, being a part of the declaration, is brought to the notice of the Court.

3d. There is no covenant on the part of the party with whom plaintiff contracted to put three hundred or any number of South Sea Islanders on the vessel. The contract appears to us to be an executory agreement, and does not bind the party with whom the plaintiff contracted to pay the passage money of three hundred Islanders for which he sues.

4th. Since this contract was made, the Legislature has repealed the statute creating the Board of Immigration, and has

enacted provisions for the appointment of a new Board.  See Acts of 1887, Chapter VIII.

The Board, with whom the plaintiff says he contracted, was dissolved by the repealing statute, and the Board now sued is not the Board who it is alleged made the contract.

The Board is sued in this declaration by its name as if it were a corporation and suable by the corporate name.  It is not a corporation.  But it is claimed that it is a corporation by implication.  Upon the authorities cited below, we are of opinion that the Board, having certain duties delegated to it by law, possesses some of the incidents of a corporation, that is, their official acts within the scope of their authority bind their successors.  But the individuals forming the Board should be named in the declaration, and in this case the declaration should state who the Board were at the time the alleged contract was made.  The cases are: *Jansen vs. Ostrande*, 1 Cow., 679; *Horton vs. Garrison et al.*, 23 Barb., 176; *Williams vs. Keech et al.*, 4 Hill, 168; and *Green's Brice's Ultra Vires*, pp. 22 and 23.

But there being a new statute, and the present Board being appointed under it, the liabilities incurred by the previous Board do not attach to them—there being nothing in the statute to make this so.  By the Act now in force, the "Board of Immigration" is a "Bureau of the Interior Department"—a committee it might be called, with certain defined functions.

To attach liability to the Bureau, it must appear that the contract was made or authorized by it, and that the contract was within the powers given to it by law.

*A. S. Hartwell* and *W. A. Whiting*, for plaintiff.

*C. W. Ashford* (Attorney-General), for defendant.