(53 Misc. Rep. 273)

### BERNSTEIN v. LISPENARD REALTY CO.

(Supreme Court, Appellate Term.　March 14, 1907.)

CORPORATIONS—RENDITION OF LEGAL SERVICES—EMPLOYMENT BY AGENT.

> An attorney, who in good faith performs legal services for a corporation pursuant to an employment by an agent thereof, of which services the corporation with the knowledge and consent of its officers accepts the benefit, may recover from the corporation the value of the services, though the agent·was without authority to employ him.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 1714.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by J. Sidney Bernstein against the Lispenard Realty Company. From a judgment for plaintiff, rendered after a trial in the Municipal Court of the City of New York, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and DAVIS, J.

McKenna & Goodhue, for appellant.

J. Sidney Bernstein, pro se.

GILDERSLEEVE, J.   The facts are substantially as follows, according to plaintiff's evidence, which the court was warranted in believing, viz.:   The plaintiff is an attorney at law, and the services were rendered in a legal capacity.   Some time in December, 1905, Messrs. Wilson, Goss, and Rieser decided to associate themselves for the purpose of acquiring unimproved real estate and of building apartment houses thereon.   A Mr. Jencks, of No. 100 Broadway, who is building loan man and the active head of the Commonwealth Mortgage Company, submitted to them a parcel of property situated on Riverside Drive, the title of which was in a corporation called the Lispenard Realty Company, composed apparently of three clerks in Mr. Jencks' office, and upon which the Commonwealth Mortgage Company held a standing mortgage of $75,000 and a building loan agreement and mortgage of $85,000, both put on just prior to June 30, 1905, the date when the new mortgage tax came into effect.   He proposed that they should take over the stock of the Lispenard Realty Company, carrying with it the property in question, subject to the two mortgages, and that he would take back another building loan mortgage from the company for $15,000.   The terms were agreed upon, but the details were left for subsequent arrangement.   Mr. Rieser is a brother-in-law and a client of the plaintiff, and, as he testified, suggested to his associates the advisability of having an attorney represent the corporation in the transaction in question, and it was agreed between them that the plaintiff should be retained.   Mr. Rieser so notified the plaintiff, and by his direction the plaintiff called on Mr. Jencks and Mr. Jencks' attorney, Mr. Wescott, who has offices with Mr. Jencks, and had several consultations with them as to the steps by which the deal could be consummated.   On the 21st of December, 1905, the plaintiff met Messrs. Wilson, Goss, and Rieser by appointment in Mr. Wescott's office, and consulted with them and advised them as to their interests in the transaction.   He testifies that, among other things, he advised them that, inasmuch as the Lispenard Realty Company had no title insurance policy on the property in question, an examination should be made of the title before they took the stock of the company, and they agreed with him.   Between December 22 and 30, 1905, the plaintiff had several conferences with Mr. Wescott.   He testified that he examined the original incorporation papers of the Lispenard Realty Company, that he examined the abstract of title to the property, that in conjunction with Mr. Wescott an agreement was drawn between the Lispenard Realty Company, Messrs. Wilson, Rieser, and Goss, and the Commonwealth Mortgage Company, and also another agreement modifying the building loan agreement then of record.   He testified, further, that in view of the fact that the standing mortgage had only until June 30, 1906, to run, he insisted upon getting an agreement from the Commonwealth Mortgage Company extending it until April, 1907, and helped draw such an agreement.   He examined the application and consent of the Lispenard Realty Company to increase its capital stock.   He examined the bond and mortgage for $15,000 to be executed by the Lispenard Realty Company.   He attended with Messrs. Wilson, Goss, and Rieser on the 26th of December, 1905, and saw that all the papers were properly executed and delivered.   He attended the meeting of directors of the

corporation held that day, and superintended the orderly resignation of the old directors, Mr. Jencks' clerks, and the orderly election of Messrs. Wilson, Goss, and Rieser as new directors in their respective places. He attended to the transfer of the certificates of stock to the new stockholders. He received for the company all the books and papers, and the seal, then in the custody of Mr. Jencks, and subsequently delivered them to the defendant at its offices. And, lastly, he drew in his own office the minutes of the meetings of the new directors of January 2, January 23 and February 7, 1906. The plaintiff testified, further, that on the 26th day of December, 1905, after the new election of officers, he had a talk with Wilson, Goss, and Rieser in regard to his bill for services, and that it was arranged that it should be paid out of the moneys that the company expected to get from the first installment of the building loan. In all of this he is substantially corroborated by Mr. Rieser, and also by the circumstances of the case. Shortly after all these transactions the plaintiff rendered a bill to the company for $150. No disclaimer was ever made, until Mr. Rieser had a dispute with Mr. Wilson, withdrew from the defendant company, and sued the Calvert Construction Company, of which Wilson was an officer; the plaintiff acting as his attorney in the case. Upon these facts the trial court found for the plaintiff in the sum of $100 and costs.

From the above evidence it is clear that the plaintiff rendered substantial service, for which he is entitled to compensation. Defendant seems to contend that plaintiff came in as a volunteer and rendered such service gratuitously. This is highly improbable, as plaintiff is a lawyer by profession, and the work done was in line with the work which gives him his livelihood. The plaintiff was first hired by Mr. Rieser, a promoter or an agent of the defendant corporation. Even though that act were beyond the limits of the agency, the corporation itself, with the knowledge and consent of its officers, has received and accepted the benefits of the services. The plaintiff was certainly not guilty of any fraud, and he claims a quantum meruit for his services. Hence his claim is clearly within the authority of the case of Potter v. N. Y. Infant Asylum, 44 Hun, 367. The plaintiff represented in the transaction, not only the individuals, but the corporation. The individuals were agents for an existing corporation. The Lispenard Realty Company had been in existence for six months or more. New interests were coming into control, and the plaintiff was looking after the corporation and its new interests. Where a person is employed for a corporation by persons assuming to act in its behalf, and renders services, with the knowledge of its officers, and without objection on their part, and without notice that the contract is not recognized, and the corporation accepts the benefits of the services, the corporation will be held to have sanctioned the contract, and will be compelled to pay for the services. Fister v. La Rue, 15 Barb. 323; Olcott v. Tioga Co., 27 N. Y. 546, 84 Am. Dec. 298; Hooker v. Eagle Bank, 30 N. Y. 83, 86 Am. Dec. 351; Castle v. Lewis, 78 N. Y. 131; Scott v. Middletown, 86 N. Y. 200; Davies v. Harvey Speel Co., 6 App. Div. 166, 39 N. Y. Supp. 791. Even if the corporation were not in existence at the time of the employment, and the three persons were not the agents of an exist-

ing corporation, but only promoters of a prospective corporation, the defendant corporation would seem to be liable, as it has been held that a preliminary agreement made by promoters, the promoters and incorporators being the same persons and the only stockholders of the corporation, is binding on the corporation. Burden v. Burden, 8 App. Div. 160, 40 N. Y. Supp. 499.

We are of opinion that the judgment was right, and should be affirmed, with costs.

Judgment affirmed, with costs.

DAVIS, J., concurs. HENDRICK, J., taking no part.