HYMAN SEIF, Plaintiff, *v.* THE CITY OF LONG BEACH, Defendant.

Supreme Court, Trial Term, Nassau County, December 1, 1939.

*Boehm & Zeiger,* for the plaintiff.

*Bernard H. Reich,* for the defendant.

HOOLEY, J. There can be no serious doubt of the power of the common council of the city of Long Beach to retain the plaintiff's assignor as special counsel. From various provisions of the charter such power is indicated and the city has from time to time given it that construction. The city, however, strenuously contends, as a matter of law, that the acquiescence of the common council in the performance of the legal services and the acceptance of the benefits thereof which acquiescence and acceptance the jury found by its verdict could not constitute a ratification of the retainer which would be binding upon the defendant. The theory of the city throughout the case and upon these motions is that the doctrine of ratification is not applicable to a municipal corporation. To the city's contention in this respect the court cannot agree for the reason that it is in conflict with the law as laid down in numerous cases in this State and in other jurisdictions. (*Peterson* v. *Mayor,* 17 N. Y. 449; *Fister* v. *La Rue,* 15 Barb. 323; *Matter of Christey,* 92 Misc. 1; *City of Logansport* v. *Dykeman,* 116 Ind. 15; 17 N. E. 587; 3 McQuillin on Municipal Corporations [2d ed.], pp. 957, 964; *Mound City* v. *Snoddy,* 53 Kan. 126; 35 P. 1112.)

While the verdict is for an amount which is higher than the court would have found had it been the trier of the facts, there is evidence to sustain it, and there is nothing to show that it was reached because of passion, prejudice or partiality.

The motions to dismiss made at the close of plaintiff's case and at the close of the whole case are denied. The motion to set aside the verdict is also denied.